## HAMMOND v. THE S. C. & P. R. Co.

1. **Pleading:** AMENDMENT. An amendment to a petition after the evidence has been introduced is allowable, when it does not change the nature of the claim, and when the same evidence was admissible under the original petition as would have been under the amended one.

2. **Negligence:** WHEN CONTRIBUTORY: RAILROADS. Whether or not the owner of a blind horse was guilty of negligence in turning out the horse to graze where he might be exposed to danger from passing railroad trains, was properly submitted to the jury.

3. **Practice:** ARGUMENT OF COUNSEL: NEW TRIAL. Prejudice must be shown to have resulted from the misconduct of counsel in addressing the jury to entitle the innocent party to a new trial therefor.

4. **Costs:** APPORTIONMENT. When the cause of action is a single claim, a reduction in the amount does not entitle the losing party to an apportionment of costs.

### Appeal from Woodbury District Court.

### FRIDAY, OCTOBER 25.

ACTION to recover for injuries done a mare and colt owned by plaintiff, by an engine operated by defendant upon its railroad running upon and striking them. There was a verdict and judgment for plaintiff. Defendant appeals. The facts of the case involved in the points ruled by the court appear in the opinion.

*Joy & Wright*, for appellants.

*E. E. Lewis* and *L. T. Davis*, for appellee.

BECK, J.—I. The petition alleged that the animals were injured at a place upon the railroad where defendant had the

1. PLEADING: amendment.

right to construct fences, and claimed double damages. Upon the trial it was disclosed that the accident, in fact, occurred upon a depot ground. After all the evidence had been submitted, and counsel had commenced

the argument of the cause to the jury, the plaintiff was permitted by the court, against defendant's objection, to amend his petition, showing the fact as to the place of the accident as established by the testimony, and that the injury to the animals was without any negligence of plaintiff. The defendant now insists that in this there was error.

The answer of defendant alleged that the accident occurred at the depot grounds, without its fault or neglect, and that the animals were wrongfully upon the railroad track at the time. It further charges negligence upon plaintiff in permitting them to stray upon the track. The original petition charges negligence upon the servants of defendant in running the cars against the horses. It will be observed that the original pleadings, in fact, presented this very issue raised by the amendment to plaintiff's petition. We cannot discover that the amendment changes substantially the claim or defense. It may be that the grounds upon which recovery was sought were changed, but the *claim*, surely, was not. The amendment was, therefore, authorized by Code, § 2689.

We do not discover that defendant was misled by the change, or that any different evidence could have been submitted had the petition originally stood as it was after the amendment. It was not claimed or shown in the court below that prejudice did result or could have resulted to defendant from the amendment. The action of the court was not erroneous.

II.    It was shown upon the trial that the mare was blind, and that she was, with her colt, turned upon the commons or prairies by plaintiff to graze, at or near his farm or dwelling, which was more than one mile from the depot. It appears that she had before been turned out of the inclosure, but where she was accustomed to graze was not shown. A witness speaks of having, before the accident, seen her on one occasion in the commons of the town. The court, by an instruction, directed the jury to determine whether it was negligence in plaintiff to permit the

2. NEGLIGENCE: when contributory: railroads.

mare, being blind, to run at large and to go to or near the depot. The defendant asked an instruction, which was refused, to the effect that the act of plaintiff in permitting the animals to run at large in the commons of the town, and about the depot grounds, was negligence contributing to the injury, and plaintiff, therefore, could not recover.     These rulings upon instructions are made a ground of objection by defendant to the judgment in this case.

We think the question of contributory negligence was properly left by the court to the jury.   The law will not imply negligence to defendant.   The plaintiff had the right to turn his mare, though she was blind, upon the prairies to graze. While it may be true that she would not so readily escape from danger of a passing train as a horse not blind, it is equally true that she would not be so likely to wander off, and become exposed to the danger of the railroad as a horse with good eyes.   We cannot say that, as a matter of law, plaintiff, in turning his blind mare into the prairies or commons more than a mile from the railroad, was negligent and thereby contributed to the injury.

III.   Counsel for defendant insist that the verdict is against the evidence for the reason that, in their opinion, there was no testimony showing negligence on the part of defendant's servants operating the train.   We do not concur in this view. While it is true that the car was not running at a rate of speed forbidden by law when a train is upon depot grounds—a fact very much relied upon by counsel—we think that the jury may well have found that the engineer and fireman were negligent in not keeping a sufficiently close watch on the track to discern obstacles and animals, and in not attempting to stop the train when the horses were discovered.   The low rate of speed at which the train was running would, possibly, have enabled the engineer to stop, or to check its progress, so that the horses would have escaped, had any effort in that direction been made.   We are clearly of the opinion that there is not

Hammond v. The S. C. & P. R. Co.

such absence of evidence of negligence on the part of defendant as to authorize us to interfere.

IV. As a ground for a new trial the defendant filed affidavits in the court below showing improper conduct on the part of plaintiff's attorneys in referring to matters not in the case, intended and calculated to inflame the passions and excite the prejudice of the jury. The counter-affidavits, while they do not wholly deny the charges, in some degree, at least, present the matter in a less objectionable aspect. The language and matter of the argument objected to surely was unprofessional, and merited severe reprimand. Courts should never hesitate to stop counsel in attempts to drag such matters before a jury, and should visit merited punishment when such unprofessional conduct is indulged in by attorneys. But it does not follow that in such cases a verdict will not stand. Prejudice must appear to the innocent party. The record does not warrant the conclusion that such prejudice resulted. The transaction was not regarded by the District Court as prejudicial to defendant. We are not prepared to say that conclusion was not correct.

*3. PRACTICE: new trial: argument of counsel.*

V. The original petition claimed to recover double damages. After the amendment the court properly held, and so instructed the jury, that actual damages only were recoverable. The defendant moved the court to apportion a part of the costs to plaintiff, on the ground that he had not recovered the whole of his demand. Code, § 2933, was relied upon to support this motion. It was properly overruled. The provision is applicable to the case where the demand is composed of separate claims, and recovery is had on a part of them, and not to a case where the claim is indivisible, as in this case, and recovery is had for less than is claimed. See *Upson v. Fuller*, 43 Iowa, 409.

*4. COSTS: apportionment.*

The foregoing discussion disposes of all questions raised in the case. The judgment of the District Court is

AFFIRMED.