SWEET v. WRIGHT ET AL.

| 62 | 215 |
| 139 | 752 |

1. **Venue:** CHANGE OF AS TO PART ONLY OF DEFENDANTS. In an action against the principals and sureties in a bond, where there was but one defense, and all the defendants applied for a change of the place of trial on the ground of the prejudice of the judge against the *principals* only, it was error to grant a change to the principals only, and to retain the case and proceed to trial as to the sureties. The whole cause should have been removed and disposed of together.

2. **Evidence:** GOOD FAITH: OPINION OF ATTORNEY. The testimony of an attorney who drew a bill of sale, to the effect that he regarded the transaction as an honest one, was not admissible on the question of the *bona fides* of the conveyance—that being the ultimate question for the jury.

*Appeal from Marshall Circuit Court.*

THURSDAY, DECEMBER 6.

ACTION upon a statutory indemnifying bond. The defendants, Wright & Spencer, obtained a judgment against one J. B. Sweet, Jr., and caused an execution to be levied upon certain goods, giving the sheriff an indemnifying bond under the statute. The plaintiff, claiming to be the owner of the goods, brings this action against Wright & Spencer as principals upon the bond, and against the defendants, George Glick and T. J. Fletcher, as sureties.

As to Wright & Spencer, the place of trial was changed to the district court. As to the sureties, the case was retained in the circuit court; and a trial there resulted in a verdict and judgment against them. They appeal.

*Sutton & Childs,* for appellants.

*Brown & Carney* and *T. Binford,* for appellee.

ADAMS, J.—I. The defendant sureties assign as error that the court erred in not granting a change of place of trial as to them. Section 2594 of the Code provides that, "as to those who take no change, the cause shall proceed as if none had been taken." The plaintiff cites this section as decisive of the question before us.

<div style="margin-left:2em">1. VENUE: change of as to part only of the defendants.</div>

Under this section it must be held that it does not follow, from the mere fact that a change is granted to a portion of the defendants or plaintiffs, that a change must also be granted to the others who do not desire it, but that the cause must proceed as to them as if no change had been taken. If, in the case at bar, the defendant sureties had not applied for a change, the court would have been justified in assuming that they did not desire it, and would have been justified in retaining the case as to them, and probably, also, in proceeding to trial without waiting for a trial against the principals. But

the defendant sureties did apply for a change. The motion purports to be made by all the defendants.

It is true, it was made solely on the ground of the prejudice of the judge against the principals, Wright & Spencer. But that, we think, is not material.

Whether, if Wright & Spencer had not joined in the motion, the court would have been justified in granting a change as to the sureties, no prejudice against them being shown, we do not determine. Such question is not before us. But, a change having been granted to the principals, and the defense, as it appears, made by the sureties, being identical with that of the principals, it appears to us that it was the sureties' right to have a change as to them also, and have one trial as to all. A case, we think, should be kept together, and disposed of by one trial, unless some reason is shown to the contrary. The time and expense of courts, as well as of litigants, demand this. The only provision for trying the same issue in two courts seems to be that contained in the section above cited, and that, as we have seen, is not applicable to this case. We think that the change granted as to the principals should have been granted as to the sureties.

II. The goods in question were formerly owned by the execution defendant, J. B. Sweet, Jr. He had, prior to the

2. EVIDENCE: good faith: opinon of attorney.

levy, made a bill of sale of them to his father, the plaintiff, and the issue tried was as to whether the sale was fraudulent. One Pillsbury, an attorney, who was employed to draw the bill of sale, was examined as a witness, and allowed to testify, against the objection of the defendants, that he regarded the transaction as an honest one. As to whether it was honest was the ultimate question for the jury; and evidence as to Pillsbury's opinion about it was not, we think, admissible.

Several other questions are presented, but they will not, we think, arise upon another trial. For the errors pointed out the judgment must be

REVERSED.