## SUNBERG V. BABCOCK ET AL.

| 66 | 515 |
|----|-----|
| 80 | 695 |
| 66 | 515 |
| 95 | 571 |
| 66 | 515 |
| f132 | 723 |

1. **Promissory Note:** GENUINENESS OF SIGNATURE: HOW ASSAILED: PRACTICE ON APPEAL. The signature of a promissory note cannot be assailed on appeal to this court, either directly or collaterally, where no question of that kind was raised in the trial court.

2. **Fraudulent Conveyance:** EVIDENCE: CONTRADICTION OF WITNESS BY PRIOR EXPRESSION OF OPINION. Where a witness testified to facts tending to show that the conveyance in question was not fraudulent, it was not competent on cross-examination to ask him whether he had not stated the evening before that it was "a swindle all the way through."

3. **Evidence:** SECONDARY: CONTENTS OF INVOICE BILL. The invoice of a bill of goods is itself the best evidence of its contents, and secondary evidence thereof is not admissible without a foundation therefor being laid.

4. **Instructions:** MUST BE CONSTRUED TOGETHER. Each instruction must be considered as a whole, and in the light of the rest of the charge, and if, when so considered, the jury has not been misled, no reversal will be granted on account of the instructions.

5. **New Trial:** MISCONDUCT OF COUNSEL: DISCRETION OF TRIAL COURT

RESPECTED ON APPEAL. Whether a new trial should be granted on account of the alleged misconduct of counsel in argument to the jury is a question which lies very much in the discretion of the trial court; and the decision of that court will not be disturbed on appeal, unless it is made affirmatively to appear that that discretion has been abused to the prejudice of appellant.

6. **Verdict**: CONFLICTING EVIDENCE: NO REVERSAL. The evidence being in conflict, the verdict cannot be disturbed for want of support in the evidence.

*Appeal from Jones District Court.*

THURSDAY, JUNE 11.

ACTION to recover the value of a stock of goods which the plaintiff claims the defendant wrongfully took into his possession. The defendant admits the taking of the goods under certain writs of attachment in his hands as sheriff against P. and N. Ohlquist, and he claims that the goods belonged to them, and also that a sale of the goods to the plaintiff by the attachment debtors was fraudulent and void, because it was made to hinder and delay creditors. One of the latter was, by consent, made a defendant, and pleaded the same defense. Trial by jury. Verdict and judgment for the plaintiff. The defendants appeal.

*Herrick & Doxsee* and *E. Keeler*, for appellants.

*Welch & Welch* and *J. B. Young*, for appellee.

SEEVERS, J.—I. Twenty-two errors are assigned, and seventeen are argued. Under the issue it was incumbent on the plaintiff to prove that the goods in controversy belonged to him. To establish such fact, the plaintiff introduced as a witness N. Ohlquist, who gave evidence tending to show a sale of the goods by P. and N. Ohlquist to the plaintiff, and the amount paid therefor by the latter, and when the plaintiff had furnished the money to pay for the goods. The witness was at great length cross-examined by the defendants,

and nine of the errors argued are based on the thought that the cross-examination was so restricted by the court as to be prejudicial to the defendants. We have carefully examined the abstract and the argument of counsel, and have reached the conclusion that the court did not err in this respect. The court, it seems to us, gave counsel full scope, and permitted them to indulge in a rigid cross-examination, which covered the whole ground. Some of the questions asked, and now insisted on, were clearly immaterial, because, if answered either way, the result could not possibly have been changed. Others, we think, were substantially answered, or rather the evidence sought to be elicited by the questions was afterwards introduced. To set out these questions, and intelligently state the reasons upon which we base our conclusions, would require more time and space in the reports than should be devoted to the subject.

The plaintiff offered in evidence a mortgage given by P. and N. Ohlquist to the plaintiff on the same goods which he in a few days thereafter purchased. The mortgage purported to be given to secure certain promissory notes, which were also offered in evidence, to which, and the mortgage, the defendants objected, on the ground that they were incompetent and hearsay. The objection was overruled, and it is said by counsel: "As between the parties to them, they would doubtless have been competent, but certainly not as to the defendants. As to them, without proof of their genuineness, they were simply hearsay and incompetent." The mortgage proved itself, as it had been duly acknowledged before a notary public. If the defendants intended to rely on the objection that the signature to the notes had not been established, they should have made that objection in the district court.

II. Max Suhr was introduced as a witness by the plaintiff, and gave evidence to show that the purchase by and sale

1. PROMIS-
SORY note:
genuineness
of signature:
how assailed:
practice on
appeal.

**2. FRAUDU- LENT convey- ance: evi- dence: con- tradiction of witness by prior expres- sion of opin- ion.** of the goods to the plaintiff was not fraudulent. On cross-examination a question was asked in these words: "Max Suhr, didn't you state to Robert Storton, in Anamosa, last evening, at the hotel, that this transaction between the Ohl- quists and Sunberg was a swindle all the way through?" An objection to this question was sustained, and counsel claim with apparent confidence that the court erred in this respect. No authority is cited in favor of this position, and in our opinion it is without merit. It is immaterial what the wit- ness thought, or whether he stated that the transaction was honest or was a swindle. It was the province of the jury, and not the witness, to determine this question. *Sweet v. Wright*, 62 Iowa, 215.

III. One Campbell was introduced as a witness by the defendants, and he testified that he had an interview with the **3. EVIDENCE: secondary: contents of invoice bill.** plaintiff after the sale, and that plaintiff showed the witness a bundle of original invoice bills fastened together and lying on a desk. The wit- ness further testified that the bill of John V. Farwell & Co. for goods bought by the Ohlquist Bros. was there, and plaint- iff refused to permit the witness to look at the bills. There- upon, as shown by the amended abstract, which in this respect is not denied, the defendants asked the witness a question in these words: "Was that bill that you saw of Farwell & Co. lying there in the bundle of the goods that were in contro- versy here, or on which this suit is brought." The objec- tion that the evidence was "incompetent, immaterial, and not the best evidence," was sustained. The witness had just testified that the bill was in the bundle on the desk, and the only other material evidence sought to be elicited was whether the goods referred to in the bill were the same as those in controversy. It was not competent for the witness to state the contents of the bill. The latter clearly was the best evidence, and should have been introduced, or valid rea- sons given why secondary evidence was admissible.

IV. The second paragraph of the charge is in these words: "If you find there was a sale by the Ohlquist Bros. to plaintiff of the property in controversy, then you will inquire into and determine the character of this sale; that is, determine from the evidence whether or not it was fraudulent. It is alleged by defendants that it was and is fraudulent, and you are instructed that the burden of proving the same rests upon the defendants, and they must do so by a fair preponderance of the evidence; and you are instructed that the law presumes that all persons transact their business honestly and in good faith, until the contrary appears from a preponderance of the evidence; and, in this case, if you find there was a sale as claimed, it will be presumed that plaintiff and the Ohlquist Bros. acted honestly and in good faith in making the same, until such time as the defendants, who allege the contrary, establish the same by a fair preponderance of the evidence; and if the case is left in equipoise, then the defendants must fail as to the fraud; and fraud will never be imputed when the facts upon which the charge is predicated are or may be consistent with honesty and purity of intention."

*4. INSTRUCTIONS: must be construed together.*

It is said that under this instruction the jury could only consider the evidence introduced by the defendants for the purpose of determining whether the sale was fraudulent. Even if this were so, the error cannot be regarded as prejudicial, for the reason that the court in other instructions said to the jury that they were to consider "all the evidence and facts and circumstances," and therefrom determine whether the sale was fraudulent or not. But we do not think the jury could possibly have understood that they were confined by the instruction under consideration to the evidence introduced by the defendants.

The only issue in the case was whether the sale was fraudulent or not. Evidence was introduced by both parties, and the jury must have understood that they were to consider it

all without reference to which party introduced it. It is argued that the closing portion of the instruction, which states that "fraud will never be imputed when the facts upon which the charge is predicated are or may be consistent with honesty and purity of intention," is erroneous. The whole instruction must be considered together, and when this is done we have no doubt as to its correctness. *Lyman v. Cessford*, 15 Iowa, 229; *Schofield v. Blind*, 33 Id., 175; *Raymond v. Morrison*, 59 Id., 371; *Bradford v. Bradford*, 60 Id., 201.

V. Appellants moved the court for a new trial on the ground of the misconduct of counsel for the plaintiff in

5. NEW trial: misconduct of counsel: discretion of trial court respected on appeal.

making the closing argument to the jury. Affidavits in support of and in opposition to the motion were introduced in the district court, and they are before this court, and, relying thereon, counsel insist that the district court erred in not granting a new trial. In some particulars the affidavits are conflicting, and the trial judge had the right to, and no doubt did, determine the disputed facts in accordance with his own knowledge of what occurred. For instance, the evidence is conflicting as to whether the judge was present when counsel made the remarks to the jury to which exception is taken. The determination of this question made by the district court is conclusive on this court. The remarks were made in reply to something that was said to the jury by the opposing counsel. What this was, or how pertinent the reply was, is somewhat uncertain. If the affidavits on both sides can be fully relied on, we are impressed that both counsel made remarks to the jury which were not warranted by the evidence; but the attention of the court was not called thereto, and no objections were made until after the verdict. We shall assume, as we think we are required to do, that the court heard what was said by counsel, and that it was warranted in finding from the evidence that the remarks of the counsel for the plaintiff were made in reply to something that was said to the jury by the counsel of the defendant who

preceded him, and we are unable to say that such reply in a marked degree exceeded the bounds of propriety. Nor can we say, after a careful consideration of the whole evidence, that the defendants were prejudiced by what was said by counsel for the plaintiff; and that this must fairly appear before the verdict should be set aside, was held in *Hammond v. S. C. & P. R'y Co.* 49 Iowa, 450. See, also, *State v. Miller*, 65 Id., 60.

In *Hall v. Wolff*, 61 Iowa, 559, the trial judge was absent, and it was found by this court, from the uncontradicted evidence, that the remarks of the counsel " were well calculated to prejudice the plaintiff and his case in the estimation of the jury." The district court was vested with a discretion whether a new trial should, under the circumstances, be granted. This is, of course, a legal discretion, which is reviewable by this court; but, as error must be affirmatively shown, it should fairly appear that such discretion has been abused.

VI. It is lastly insisted that the verdict is not supported by the evidence; that is to say, it is claimed that fraud was

6. VERDICT: conflicting evidence : no reversal.

affirmatively established by a fair preponderance of the evidence. That there was evidence tending to show that the sale was fraudulent must, we think, be conceded; but it is the peculiar province of the jury to determine as to its sufficiency. A careful consideration of the evidence satisfies us that we cannot interfere, for the reason that there was evidence which, if believed by the jury, fully warrants the verdict.

AFFIRMED.