STATE OF IOWA, Appellee, v. JOHN LEROY BAKER, Appellant.

No. 46109.

MARCH 9, 1943.

REHEARING DENIED JUNE 18, 1943.

Hobart E. Newton, of Stuart, for appellant.

John M. Rankin, Attorney General, Jens Grothe and Don Hise, Assistant Attorneys General, and Hillis B. Miller, County Attorney, for appellee.

HALE, J.—Appellant, John Leroy Baker, was tried and convicted of the crime of operating a motor vehicle on the public highways of the state while in an intoxicated condition. Exceptions to instructions and motion for new trial were overruled and defendant appeals.

The only question raised on this appeal is whether the court erred in refusing to allow the appellant to cross-examine the witness Knapp and other witnesses as to statements made by them at other times which were contradictory and inconsistent with their testimony at the trial of the case. Appellant makes

no claim as to the other witnesses but confines his objection to the refusal of the court to permit the witness Knapp to testify.

Knapp was marshal of Stuart, Iowa, and had testified on direct examination to the intoxication of appellant, that he talked with appellant, took him to the city hall, described his manner of walking, and that his breath smelled of alcohol or whisky. On cross-examination he was asked if he had not stated on that day (meaning the day of arrest) or the next day that the only charge which should be placed against Baker was reckless driving. The court sustained the State's objection thereto and did not permit the witness to answer.

Appellant insists in argument that the questioning of the witness Knapp by the appellant, as to prior inconsistent and contradictory statements, should have been allowed on cross-examination. In support of his argument appellant cites State v. Patrick, 201 Iowa 368, 207 N. W. 393; Brown v. Mostoller, 167 Iowa 568, 149 N. W. 908; and State v. Matheson, 130 Iowa 440, 103 N. W. 137, 114 Am. St. Rep. 427, 8 Ann. Cas. 430. In the Patrick case the question was whether or not the prosecuting witness had made immediate disclosure to her mother, and this was a material matter. In the Brown case objections to questions on cross-examination as to previous contradictory statements regarding an outlet to a ditch were improperly sustained by the trial court. The questions related to facts. In State v. Matheson, supra, the whole course of the witness' testimony had tended to support the contention of defendant that a revolver was not intentionally fired, and the court properly admitted evidence of the witness' previous statement that the defendant shot the officer, since such statement was inconsistent with his previous testimony. In that case the court refers to the general rule that matters of opinion or conclusion cannot be shown for the purpose of impeachment, but the ruling under the facts of that case does not support appellant's theory here.

In the instant case the prior statement of the marshal is even less than an opinion and did not refute any of the facts testified to by him on direct examination. The statement, if he made it, that a charge of reckless driving should be made, did not tend to contradict his testimony that the appellant was intoxicated at the time of arrest. Appellant's guilt or

innocence of any particular offense was an ultimate fact to be determined by a jury and not by the arresting officer. It was for the grand jury or the county attorney to say whether or not he should be charged with driving while intoxicated or reckless driving. Intoxication is one of the elements of the offense here charged. Prior extrajudicial statements of conclusion and matters of opinion are not admitted as contradictory of direct testimony as to facts. State v. Maxwell, 42 Iowa 208. In State v. Fogerty, 105 Iowa 32, 74 N. W. 754, the prior statements sought to be proved were not contradictory and for this reason not impeaching in character. See, also, Sweet v. Wright, 62 Iowa 215, 17 N. W. 468; Sunberg v. Babcock, 66 Iowa 515, 518, 24 N. W. 19, 20. In the latter case the witness was not permitted to testify as to previous declarations as to what he thought of a certain conveyance. The court therein says:

"It is immaterial what the witness thought, or whether he stated that the transaction was honest or was a swindle. It was the province of the jury, and not the witness, to determine this question."

In Roberts v. Hennessey, 191 Iowa 86, 181 N. W. 798, the court sustained the objection to a question propounded regarding a statement made by a traffic officer in the presence of the chief of police that the defendant was not to blame for the accident. Without objection the witness had previously on cross-examination denied making such statement, and the court sustained an objection to testimony regarding his statement on the ground that it was immaterial.

In the case at bar the marshal was not the person to determine the offense, and what he might have said to some other person was immaterial and not contradictory of his testimony that the appellant was intoxicated. There could be various reasons why he might think there should be a lesser offense charged. The court properly sustained the objection to the question.

This is the only error charged, and it is our holding that the district court was correct in its ruling. The case is therefore affirmed.—Affirmed.

All JUSTICES concur.