## HALL v. ROYCE.

1. **Practice:** ACTION BROUGHT IN WRONG COUNTY: TRANSFER OF. Upon the transfer of an action begun in the wrong county to that of the defendant's residence, the original papers are required to be filed in the court to which the transfer is made, and where they are not so filed ten days before the next ensuing term of such court the cause will be deemed discontinued. Such omission is not waived by the appearance of the defendant to move a dismissal of the action.

*Appeal from Butler Circuit Court.*

WEDNESDAY, JUNE 15.

THIS action was commenced in the Circuit Court of Floyd county, at the September term, 1879, and notice was served on the defendant in Butler county. At the September term the defendant appeared and made application for change of the place of trial to Butler county, on the ground that the defendant was a resident of that county, and also for an order for compensation for being compelled to attend to the suit in the wrong county. The application was sustained, and an order was made transferring the cause as prayed, and awarding to the defendant twenty-five dollars for his trouble and expense in attending upon the court in the wrong county.

At the January term, 1880, of the Floyd Circuit Court, and at the May term, 1880, the cause remained on the calendar, and was continued by order entered in the usual form. At the September term, 1880, of said court, the cause being still on the calendar, the defendant filed a motion to strike it from the docket, because the same had been finally disposed of by order of the court at the September term, 1879. The motion was sustained.

On the 26th day of August, 1880, plaintiff served upon defendant's attorney a notice in writing to the effect that he would cause to be filed in the office of the clerk of the Circuit Court of Butler county the papers in said cause, and a certified copy of the record, and that said cause would be brought on

for hearing at the November term, 1880, of said court.    On the 21st of October, 1880, there was filed in said office a duly certified copy of all the papers filed in said cause in the Floyd Circuit Court, also a duly certified copy of the record of the cause in said court.

At the November term, 1880, the cause having been placed on the calendar by the clerk of the Butler Circuit Court, the defendant filed a motion to strike it therefrom, on the grounds that said cause was discontinued by the failure of the plaintiff to comply with the order of the court changing the place of trial, and by failure of plaintiff to cause to be filed in the Butler Circuit Court the papers and copy of the record in the cause, as required by law.                    •

The motion was overruled.    Defendant appeals.

*Hemenway & Polk*, for appellant.

*J. W. Merrill* and *J. H. Scales*, for Appellee.

ROTHROCK, J.—The order for a change of the place of trial was made under section 2589 of the Code, which provides

1. PRACTICE: action brought in wrong court: transfer of.

that "if the sum so awarded (the amount allowed the defendant for attending at the wrong county) and costs are not paid to the clerk at a time to be fixed by the court, or if the papers in such case are not filed by the plaintiff in the court to which the change is ordered ten days before the first day of the next term thereof, or, if ten days do not intervene between the making of said order and the first day of the next term of said court, ten days preceding the first day of the next succeeding term thereof, in either event the action shall be deemed to be discontinued."

When the order for change of place of trial was made, an appeal was taken to this court by the plaintiff, and the ruling of the Circuit Court was affirmed June 18, 1880.    54 Iowa, 136.    There is some controversy between counsel for the respective parties as to whether a *supersedeas* bond was filed pending that appeal, and an order made staying pro-

ceedings. The appellee contends that such bond was filed, and the proceedings being thereby stayed, the transfer of the case could not be effected until the disposition of the appeal in this court. We do not find it necessary to determine this question, in the view we take of the case. If it should be conceded that the appeal suspended proceedings in the court below, this would not excuse the plaintiff for delay after the appeal was disposed of. The plaintiff served a notice in August, 1880, that he would complete the transfer, and that the cause would be ready for hearing at the November term, 1880, and on the 21st day of October he filed copies of the papers in the case in the office of the clerk of the Butler Circuit Court, and filed a copy of the record of said cause in that court. The statute requires that the papers—the originals, not copies, shall be filed, and for failure to do this the cause shall be deemed discontinued. One of the grounds of the motion was for this cause. This omission was not cured by the defendant's appearance, and moving to strike the cause. No action was pending, because it had been discontinued by operation of law. Section 2600 of the Code provides that if the petition be not filed by the date fixed in the original notice, "the action will be deemed discontinued." In *Cibula v. Pitts Manf. Co.*, 48 Iowa, 528, we held that in such case the appearance of the defendant for the purpose of moving a discontinuance of the action is not a waiver of the defect resulting from the failure to file the petition in time. The language of the section of the statute under consideration in this case is almost identical, in so far as the consequences resulting from a failure to comply with its provisions are involved, with the language in section 2600, and we think the case cited involves, in principle, the same question presented in this record.

In our opinion, the motion to strike the case from the calendar should have been sustained.

REVERSED.