STATE OF IOWA, ex rel. H. M. HAVNER, Attorney-general, Plaintiff, v. ASSOCIATED PACKING COMPANY et al., Defendants.

T. J. HYNES, Receiver, Appellee, v. HARRY R. THOMPSON, Appellant.

No. 41586.

SEPTEMBER 26, 1933.

1054

M. A. Roberts, S. W. Livingston, S. G. VanAuken, and O. M. Brockett, for appellant.

Parrish, Cohen, Guthrie & Watters, Chas. Hutchinson, and Stuart S. Ball, for appellee.

KINTZINGER, J.—In 1925 the appellee, as receiver of the Associated Packing Company, filed an action in the receivership proceedings, in Polk county, for an assessment upon unpaid stock subscriptions in the Associated Packing Company, and for judgment thereon.

This defendant, and a large number of other defendants, moved that the action be transferred from equity to law; that it be separated as to all of the defendants; that a change of venue be granted to this and all defendants not residing in Polk county at plaintiff's costs, and he be allowed reasonable costs and expenses in securing the change.

The lower court overruled defendant's application; but in 1927 the Supreme Court in Kosman v. Thompson, 204 Iowa 1254, 215 N. W. 261, on certiorari ordered that a change of venue be granted; that the suits be separated as to various defendants; and that the action for judgment be transferred from equity to law. Procedendo was duly filed in Polk county.

The record shows no further proceedings in relation to this case until October 17, 1931, when this defendant filed a motion for a change of venue to Dallas county where he resided; in this motion he states that he was obliged to employ counsel to procure a change of venue, and he asked for a change of venue to Dallas county at plaintiff's costs, and that he be allowed a reasonable attorney's fee for trouble and expense in procuring the change. On the 17th day of October, 1931, the district court of Polk county made the following ruling on said motion:

"Now on this day this cause comes on for hearing upon motion

for change of venue and the court being fully advised in the premises; motion sustained."

That thereafter, on March 8, 1932, the district court of Polk county entered another order (ex parte) transferring this case to the district court of Dallas county, directing the clerk to transmit a certified copy of the petition in this case to Dallas county district court. This order purported to be entered pursuant to the ruling in Kosman v. Thompson, 204 Iowa 1254, 215 N. W. 261, and was entered without notice to or knowledge of defendant herein.

Upon learning of the latter order, the defendant's attorneys on the 9th day of March advised the Polk county court that the order of transfer had been improvidently made, and thereupon defendant was granted three days to file a written motion to set aside the court's order of transfer. On March 11, 1932, the defendant filed a written motion in the Polk county court to set aside the ex parte transfer order of March 8, 1932, because such order was not in compliance with the order of the Supreme Court in Kosman v. Thompson, because the Supreme Court in that case directed the lower court to sustain defendant's motion for a change of venue which contained an application for costs and expenses of defendant in attending the wrong county; that no order was ever entered or hearing had in the lower court to determine the amount of such costs and expenses pursuant to the order of the Supreme Court in the Kosman case, pursuant to law, requiring their allowance and payment before transferring the case.

When this motion was presented, the Polk county district court made the following order:

"Upon reading the foregoing Motion it is now, this 11th day of March, 1932, ordered by the court that the clerk of this court withhold transcripts directed in the order of this court of March 8, 1932, to be prepared and transmitted by said clerk to the Clerk of the District Court of Dallas County, *and that any further proceedings in pursuance of said order of March 8, 1932, be abated until the foregoing motion to* vacate *and set aside the same can be submitted and disposed of by the court.*"

Defendant's motion to set aside the order of the Polk county court transferring the case to Dallas county was never ruled on and is still pending.

On March 10, 1932, a certified copy of so much of the Polk county petition asking judgment against the defendant on the assessment against the unpaid stock subscription was filed with the clerk of the district court of Dallas county.

On March 16, 1932, this defendant filed an application for a stay order in the district court of Dallas county, and moved to abate further proceedings therein upon the following grounds, among others: That the order of the Polk county court transferring this case to Dallas county had been improvidently made; that a motion to set aside the order of transfer was undisposed of and still pending in Polk county; that the procedendo returned in the Kosman v. Thompson case had not been complied with; and that no hearing on the application to determine the amount of costs or attorney's fees allowable to defendant was ever made or paid by the plaintiff to this defendant in accordance with the order of the Supreme Court in Kosman v. Thompson, 204 Iowa 1254, 215 N. W. 261.

Plaintiff filed a resistance to defendant's application for a stay order, and as one of the grounds thereof alleged that the defendant himself on or about October 17, 1931, had filed a motion in the Polk county court for a change of venue, which motion is hereinabove referred to, and that said motion was sustained on the 17th of October, 1931. Another ground upon which appellee filed a resistance was that appellant at no time asked the court to fix the amount of attorney's fees and costs. On March 16, 1932, the court overruled defendant's motion for a stay of proceedings.

On March 18, 1932, the receiver filed an amended and substituted petition in the Dallas county court alleging his appointment as receiver of the Associated Packing Company and asking judgment against this defendant upon the assessment against his unpaid stock subscription.

Thereupon the defendant filed a motion, as amended, to strike the plaintiff's amended and substituted petition from the files. Among the grounds urged for this motion is that the appellee failed to comply with sections 11054 and 11420 of the Code in relation to filing of the papers required where a change of venue has been granted, and that the district court of Dallas county did not have jurisdiction of said action. *This motion was also overruled by the court.*

Thereupon the defendant filed a demurrer to the plaintiff's amended and substituted petition for all reasons set out in the motion to strike the amended and substituted petition. This demurrer

was on April 18, 1932, overruled; the defendant stood upon the ruling, and judgment was entered against him for want of further pleading.

As this case can be disposed of upon the court's ruling on defendant's motion to strike appellee's pleadings from the files in Dallas county, it is unnecessary to discuss many other errors urged.

I. It is contended by appellant that his motion to strike the receiver's amended and substituted petition should have been sustained because the papers filed in the Dallas county district court were not filed in compliance with Code, sections 11053 and 11054.

The original action for a stock assessment and for a judgment thereon against the unpaid stock subscriptions was begun in 1925. This defendant filed an application for change of venue to Dallas county, where he resided. This application was overruled by the lower court, but later the motion was ordered sustained by the Supreme Court as prayed in Kosman v. Thompson, 204 Iowa 1254, 215 N. W. 261.

After such ruling of the Supreme Court was entered, the defendant on October 17, 1931, filed a motion for a change of venue in the district court of Polk county, and on the 17th day of October, 1931, the Polk county court sustained the motion for a change of venue.

The first order of the district court of Polk county granting a change of venue was entered on the 17th of October, 1931, as follows:

"Now on this day this cause comes on for hearing upon motion for change of venue and the court being fully advised in the premises; motion sustained."

Section 11053 of the Code provides that:

"If an action is brought in a wrong county, it may there be prosecuted to a termination, unless the defendant, before answer, demands a change of place of trial to the proper county, in which case the court shall order the same at the cost of the plaintiff, and may award the defendant a reasonable compensation for his trouble and expense in attending at the wrong county."

Section 11054 provides that:

"If the sum so awarded and costs are not paid  *  *  *  by a time to be fixed by the court, *or if the papers in such case are not*

*filed by the plaintiff in the court to which the change is ordered ten days before the first day of the next term thereof, * · * * the action shall be dismissed."* (Italics ours.)

The record shows that on or about the 17th day of October, 1931, the defendant in this action moved the court for a change of place of trial to Dallas county, Iowa, on the grounds, inter alia, that he was a resident of Dallas county; that the cause of action was an independent suit against him; that he had been obliged to employ counsel for procuring a change of venue, and asked that the place of said trial be changed to Dallas county, and that the cost of procuring the change and a reasonable attorney's fee be awarded him for his trouble and expense in attending at the wrong county. As hereinabove shown, this motion was sustained on October 17, 1931.

On the sustaining of this motion, it became necessary under sections 11053 and 11054 to transfer the case to Dallas county *ten days before the first day of the next term thereof.*

The papers in this case were not transferred to Dallas county until March 10, 1932. The first term of the Dallas county court after October 17, 1931, was in November, 1931; the second term was in January, 1932; and the third term on the 15th of March, 1932. Under section 11054, it became necessary for the plaintiff *to file the papers in the case* in the Dallas county court *ten days before the November, 1931, term thereof.* The papers were not filed in the Dallas county court ten days before the November term, 1931; they were not filed ten days before the January term, 1932; and they were not filed ten days before the March term, 1932.

Under these statutes, it became necessary for the plaintiff to file the papers in this action in the district court of Dallas county ten days before the following term of court therein after the 17th of October, 1931. Hall v. Royce, 56 Iowa 359, 9 N. W. 295. The case of Hall v. Royce, 56 Iowa 359, 9 N. W. 295, was an action commenced in Floyd county where the defendant appeared and made an application for a change of venue to Butler county where he resided. The application was sustained and an appeal therefrom taken to the Supreme Court, where the ruling of the lower court was sustained. The action was commenced at the September term, 1879. The case remained on the docket in Floyd county at the January, May, and September terms, 1880. In October, 1880, a duly certified copy of all the papers filed in Floyd county was certi-

fied to and filed in the Butler county court. At the November, 1880, term in Butler county the defendant filed a motion to strike the papers from the files, upon the grounds that the case was discontinued by the failure of the plaintiff to comply with the order of court changing the place of trial and by the failure of plaintiff to cause the papers to be filed in the Butler circuit court as required by law.

In that case we said:

"The plaintiff served a notice in August, 1880, that he would complete the transfer, and that the cause would be ready for hearing at the November term, 1880, and on the twenty-first day of October he filed copies of the papers in the case in the office of the clerk of the Butler circuit court, and filed a copy of the record of said cause in that court. The statute requires that the papers— the originals, not copies, shall be filed, and for failure to do this the cause shall be deemed discontinued. One of the grounds of the motion was for this cause. This omission was not cured by the defendant's appearance and moving to strike the cause. *No action was pending, because it had been discontinued by operation of law.* [Italics ours.] Section 2600 of the Code provides that, if the petition be not filed by the date fixed in the original notice, 'the action will be deemed discontinued.' In Cibula v. Pitt's Manufacturing Co., 48 Iowa 528, we held that in such case the appearance of the defendant for the purpose of moving a discontinuance of the action is not a waiver of the defect resulting from the failure to file the petition in time. * * * In our opinion the motion to strike the case from the calendar should have been sustained."

The ruling of this court in the case of Hall v. Royce was based upon the ground that the original papers in that case were not filed in the Butler county court ten days before the term of court following that in which the change of venue was granted in Floyd county. It may be true that only copies of the papers in that case were filed. It would have been immaterial, so far as the decision of that case was concerned, even if the original papers had been filed. The principle there announced was that, upon granting a change of venue from one court to another, it is necessary to file the papers in the court to which the change was transferred ten days before the beginning of the succeeding term of that court. Assuming that it might be sufficient to file certified copies of the papers, it is equally

true that such papers, the certified copies, must be filed ten days before the following term of court in the county to which the case was transferred.

So in this case, if it be conceded that the filing of certified copies of the original papers be sufficient, then it was necessary to file them in the district court of Dallas county ten days before the November term thereof. Such papers were not even filed ten days before the third succeeding term of the Dallas county court. They were therefore not filed within the time required by statute.

The statute provides that in such event *"the action shall be dismissed."* Under this statute, the district court of Polk county had no authority to transfer the case on March 8, 1932, because the order of transfer had already been made. If the action was not dismissed by operation of law, the only authority remaining in the district court of Polk county was to dismiss the action.

In our judgment, the defendant's motion to strike the amended and substituted petition from the files should have been sustained. Sections 11053 and 11054 of the Code.

There is nothing in the record in this case warranting the order of March 8. 1932. This order was apparently secured by appellee for the purpose of enabling him to file his papers ten days before the next succeeding term of the Dallas county court after *that* order was obtained. It will not do to permit a litigant to secure a new order transferring a case which has already been dismissed by operation of law. For the reason hereinabove pointed out, we believe the lower court erred, and the case is remanded for proceedings in harmony herewith. The judgment is therefore reversed.

All Justices concur.