CHARITON FINANCE COMPANY, Petitioner, v. CHARLES F. WENNERSTRUM, Judge, Respondent.

No. 44087.

MARCH 7, 1939.

J. D. Threlkeld, G. C. Stuart, and A. V. Hass, for petitioner.

H. V. Levis, Hal W. Byers, and McMartin, Herrick, Sloan & Langdon, for respondent.

MITCHELL, C. J.—Chariton Finance Company filed its pe-

tition at law in Lucas county alleging that the Farmers Mutual Hail Insurance Association had issued a policy of fire insurance covering a certain Chevrolet truck and that said truck had been destroyed by fire, and that there was attached to and made a part of the insurance policy a loss payable clause, providing for payment in case of loss to the Chariton Finance Company, and that it was entitled to recover the amount of $500, for which it prayed judgment. The insurance company appeared and filed a motion supported by affidavits for change of. place of trial to Polk county, a resistance was filed, and the lower court entered an order sustaining the motion for a change of venue to the district court of Polk county. The finance company filed a petition in this court for a writ of certiorari to review the order entered, alleging that Judge Wennerstrum acted illegally and without jurisdiction. The writ was granted by one of the Justices of this court.

Many questions are argued. We find it necessary to discuss but one.

Code section 11053 provides for a change of place of trial where the defendant makes a proper motion.

It is followed by Code section 11054, which is as follows:

"Dismissal. If the sum so awarded and costs are not paid to the clerk by a time to be fixed by the court, or if the papers in such case are not filed by the plaintiff in the court to which the change is ordered ten days before the first day of the next term thereof, or, if ten days do not intervene between the making of said order and the first day of the next term of said court, ten days preceding the first day of the next succeeding term thereof, in either event, the action shall be dismissed."

Thus we find that the legislature has specifically provided for dismissal of cases, where a change of place of trial has been ordered, if the papers in the cases are not filed by the plaintiff in the court to which the change is ordered. With this in mind we turn to the record before us.

The order of change of place of trial was entered on the 27th day of March, 1937. The next term of court in Polk county following the date of the order sustaining the motion commenced on May 3, 1937. The petition for the writ of certiorari was not filed until June 5, 1937.

In the recent case of State ex rel. Havner v. Associated

Packing Co., 216 Iowa 1053, 1059, 250 N. W. 130, 133, this court confronted with the same question as we are here said:

"The ruling of this court in the case of Hall v. Royce [56 Iowa 359, 9 N. W. 295] was based upon the ground that the original papers in that case were not filed in the Butler county court ten days before the term of court following that in which the change of venue was granted in Floyd county. It may be true that only copies of the papers in that case were filed. It would have been immaterial, so far as the decision of that case was concerned, even if the original papers had been filed. The principle there announced was that, upon granting a change of venue from one court to another, it is necessary to file the papers in the court to which the change was transferred ten days before the beginning of the succeeding term of that court. Assuming that it might be sufficient to file certified copies of the papers, it is equally true that such papers, the certified copies, must be filed ten days before the following term of court in the county to which the case was transferred.

"So in this case, if it be conceded that the filing of certified copies of the original papers be sufficient, then it was necessary to file them in the district court of Dallas county ten days before the November term thereof. Such papers were not even filed ten days before the third succeeding term of the Dallas county court. They were therefore not filed within the time required by statute.

"The statute provides that in such event '*the action shall be dismissed.*' Under this statute, the district court of Polk county had no authority to transfer the case on March 8, 1932, because the order of transfer had already been made. If the action was not dismissed by operation of law, the only authority remaining in the district court of Polk county was to dismiss the action."

Clearly under the record in this case, it appears without dispute, that the petitioner failed to comply with the provisions of Code section 11054. That it did not file the papers in the court to which the change was ordered, to wit, Polk county, ten days before the next term of court. Nor did the petitioner file his petition for a writ of certiorari in this court until June 5, 1937, which was more than a month after the Polk county district court convened. The action pending in the trial court in

the case at bar was dismissed by operation of law when the petitioner failed to file papers in Polk county ten days before the next term. It necessarily follows that the writ must be, and it is, annulled.—Annulled.

OLIVER, BLISS, HALE, MILLER, HAMILTON, and SAGER, JJ., concur.