GERTRUDE CLARA HALSE, by her next friend, ERNEST L. HALSE, Appellant, v. LA CRESCENT GRAIN COMPANY et al., Appellees.

No. 45653.

232

December 9, 1941.

Cutting & Cutting and Houck & Miller, for appellant.

Elwood, Lyons & Elwood, for appellees (except E. L. Dreher).

GARFIELD, J.—Plaintiff, a resident of Winneshiek county, brought action in that county against five defendants to recover for injuries suffered in a motor vehicle collision in the same county. Two of the defendants are residents of Minnesota, whom plaintiff attempted to serve with original notice in the

manner provided by section 5038.01 et seq., Code, 1939. The three remaining defendants are residents of Mitchell county, Iowa. The two nonresident defendants filed special appearances attacking the jurisdiction of the court because of defective service of original notice. The Mitchell county defendants filed motion for change of venue, under Code section 11053, to the county of their residence.

On October 8, 1940, the court sustained the special appearances as follows: "Special appearance sustained. Plaintiff granted leave to amend and cause against La Crescent Grain Co. and A. C. Feldt, (the nonresidents) continued for service." No exception was taken to this order. On October 18, 1940, the court made the following order: "Motion for change of venue sustained and this cause ordered transferred to Mitchell county as prayed, at plaintiff's expense. Both parties except."

The next term of court in Mitchell county commenced on November 25, 1940. Plaintiff did nothing to cause the papers in the case to be filed in the Mitchell county court ten days before that term as required by Code section 11054, or at any other time. On November 23, 1940, the court, at plaintiff's request, dismissed the case as to the three Mitchell county defendants. On November 29th, plaintiff filed proof of service of another original notice on the two nonresident defendants, in the manner provided by Code sections 5038.04 to 5038.08. On January 15, 1941, these two nonresidents again filed special appearance, attacking the jurisdiction of the court on the ground that no action was pending in Winneshiek county, the case having been transferred to Mitchell county; that plaintiff's failure to file in Mitchell county the papers in the case resulted in an automatic dismissal under Code section 11054. It was also contended that since the previous special appearance of the nonresidents had been sustained, jurisdiction over them could not again be acquired except by personal service within this state, because of Code section 5038.14. On February 5, 1941, the court sustained this second special appearance of the nonresidents. Plaintiff has appealed both from this order and from the order of October 18, 1940, changing the venue to Mitchell county.

■ I. We consider first the order of October 18th. Appellant contends that the court could properly transfer the case to

Mitchell county only as to the three defendants who resided there and applied for the change. Appellees, on the other hand, contend that the order properly transferred the entire case to Mitchell county.

Code section 11049 provides: "Personal actions, except as otherwise provided, must be brought in a county in which some of the defendants actually reside, * * *" Under this section, the proper venue of the action as against the residents of Mitchell county was in that county. Since appellant voluntarily dismissed as against the Mitchell county defendants, her counsel apparently concluded that she could not hold them in Winneshiek county.

Code section 5038.10, found in the Motor Vehicles chapter, provides:

"Venue of actions. Actions against nonresidents as contemplated by this law may be brought in the county of which plaintiff is a resident, or in the county in which the injury was received, or damage done."

Since appellant is a resident of Winneshiek county and her injury was received there, the action as against the nonresidents was properly brought there. It does not follow, however, that the Mitchell county defendants could be sued in Winneshiek county simply because the nonresidents were suable there. Nickell v. District Court, 202 Iowa 408, 210 N. W. 563. It is settled in this state that an injured plaintiff may sue one or more joint tort-feasors and is not bound to sue them all,— liability is joint and several. McDonald v. Robinson, 207 Iowa 1293, 1295, 224 N. W. 820, 62 A. L. R. 1419, and cases cited.

The problem with which appellant's attorneys were confronted, to find proper venue for all defendants, seems to have been solved, at least as to actions commenced after July 4, 1941, by chapter 298, Acts 49th G. A., taking effect on that date, reading in part as follows: "Actions arising out of injuries to a person or damage to property caused by the operation of any motor vehicle may be brought in the county in which the defendant, or one of the defendants, is a resident or in the county in which the injury or damage is sustained." This provision is an addition to chapter 488, Code, 1939, on the Place

of Bringing Actions. Under this statute, now in effect, residents of Iowa may be sued in the county in which injury is sustained by the operation of a motor vehicle.

The motion for change of venue was made only by the Mitchell county residents. However, the nonresidents made no objection to the transfer to Mitchell county. The motion asked for the transfer of the entire cause and the order of October 18 purports to transfer the cause in its entirety. Was such transfer proper or should the court have retained the case in Winneshiek county as against the Minnesota defendants?

Nickell v. District Court, 202 Iowa 408, 210 N. W. 563, and Hinchcliff v. District Court, 204 Iowa 470, 215 N. W. 605, present a situation analogous to that before us. There the C. B. & Q. Ry., an Illinois corporation, and one of its engineers, a resident of Appanoose county, were sued in Clarke county, through which the railroad was operated, for the death of a motorist caused by a collision with a train. Under Code section 11049, the engineer was entitled to be sued in the county of his residence. However, the railroad was suable in Clarke county under Code section 11041. The engineer applied for a change of venue to Appanoose county. The railroad asked no change. No grounds for so doing were available to it. This court held, however, the entire cause was properly transferable to Appanoose county and that the railroad company could not be held in Clarke county. Following these decisions, we hold that the court properly transferred to Mitchell county the entire case and not merely so much of the case as was against the Mitchell county residents.

Neither Sweet v. Wright, 62 Iowa 215, 17 N. W. 468, nor Mansfield v. Municipal Court, 222 Iowa 61, 268 N. W. 908, cited by appellant, is contrary to the above conclusion. The Sweet case involved a change of place of trial because of prejudice of the judge, under what is now chapter 495, Code, 1939. Section 11421 of that chapter provides that "as to those who take no change, the cause shall proceed as if none had been taken." No such provision is found in connection with changes of venue under section 11053, under which these defendants proceeded, where action is brought in the wrong county. In the Mansfield case, one of two defendants, sued in the wrong

county, filed general appearance *and answer*, thereby, under the express provisions of section 11053, waiving her right to a change to the county of her residence. The Mansfield decision reached the correct result, but part of the opinion overlooks the distinction between a change of venue under section 11053, where the action is brought in the wrong county, and a change of place of trial because of prejudice, etc., under chapter 495, in which section 11421 is found.

II. Concerning the order of February 5, 1941, sustaining the second special appearance of the Minnesota defendants, we hold that the failure of appellant to complete the transfer to Mitchell county as ordered on October 18th resulted in a dismissal by operation of law under Code section 11054, leaving nothing pending in Winneshiek county. Chariton Finance Co. v. Wennerstrum, 226 Iowa 464, 284 N. W. 375; State v. Associated Pack. Co., 216 Iowa 1053, 1059, 250 N. W. 130, 133; Hall v. Royce, 56 Iowa 359, 9 N. W. 295. After the order of transfer the only authority remaining in the Winneshiek court was to enter a formal dismissal. The second special appearance was therefore properly sustained.

III. Another ground advanced by the second special appearance is that Code section 5038.14 forbids the re-commencement of an action previously commenced on substituted service, and later dismissed, against a nonresident defendant who has appeared, unless he is personally served with original notice in this state. It is contended that the order of October 8, 1940, sustaining the first special appearance, was a dismissal. In Gelvin v. Hull, 228 Iowa 1149, 293 N. W. 520, we held that section 5038.14 applied where the dismissal was without prejudice following a special appearance by a nonresident defendant. The effect of this decision, as to actions subsequently commenced, is changed by chapter 179, Acts 49th G. A., taking effect July 4, 1941, as a result of which the bar imposed by section 5038.14 applies only where a general appearance has been entered by the nonresident before the dismissal.

The wording of the order of October 8, 1940, is somewhat peculiar. After sustaining the first special appearance, the order purports to continue the cause for service as to the nonresidents. Appellant contends, therefore, that the order of

October 8th does not amount to a dismissal within the meaning of section 5038.14. Since the order of February 5, 1941, sustaining the second special appearance, was proper for the reason stated in Division II hereof, and in view of the amendment to section 5038.14 by chapter 179, Acts 49th G. A., we refrain from deciding whether the order of October 8th amounts to a dismissal. Both orders appealed from are affirmed.—Affirmed.

All JUSTICES concur.