BROOKS E. O'KELLEY et al., appellants, v. AUDREY G. LOCHNER, executrix of estate of Arthur William Lochner, deceased, appellee.

No. 52171.

October 18, 1966.

John Paul Jones and W. C. Hoffmann, both of Des Moines, and Kersten, Opheim & Price, of Fort Dodge, for appellants.

Dwight G. Rider and John W. Gailey, both of Fort Dodge, for appellee.

SNELL, J.—This is a law action growing out of a collision of automobiles. The trial court directed a verdict for defendant on the ground the court lacked jurisdiction. Plaintiffs appeal.

■ The problem before us is sharply limited, clearly defined and governed by well recognized precedents. Prior to the effective date of the Iowa Probate Code could a plaintiff in an automobile collision case bring action, after the death of defendant's decedent, in a county other than where decedent's estate was being probated? Under our pronouncements the answer is "no."

■ We are dealing with the question of jurisdiction and not of venue. "Jurisdiction, as contrasted with venue, refers to the power of a court to decide an issue on its merits, whereas venue refers to the place where the cause sued upon should be tried." Hulburd v. Eblen, 239 Iowa 1060, 1064, 33 N.W.2d 825.

Except to note that there was no attempt to comply therewith we are not concerned with the provisions of the Iowa Probate Code (now found in section 633.415, Code of 1966). The action in the case at bar was commenced long prior to the effective date of the Iowa Probate Code. See section 633.2(2), Code of 1966.

We are not dealing with a case pending at the time of death of defendant's decedent.

We are not dealing with a foreclosure of a lien wherein the property sought to be foreclosed has a physical situs in the county where the action is brought.

We are not dealing with a case where a plaintiff fiduciary, in order to enforce a claim, must sue in a county other than

where decedent's estate is pending.

We are dealing with an original action brought to establish a claim against decedent's estate brought and sought to be maintained in a court without jurisdiction. The named defendant is the executrix of decedent's estate. She is defendant in a representative capacity that had been terminated long prior to trial. There is no claim of personal liability. The action is to establish claims against the estate of defendant's decedent. The question is the jurisdiction of the subject matter.

The facts from which the question must be answered are simple and uncontradicted.

On September 29, 1962, a car owned by plaintiff Weyerhaeuser Company and driven by plaintiff O'Kelley and a car owned and driven by Arthur Lochner were involved in an intersection collision in Webster County. Both cars were damaged. Plaintiff O'Kelley was injured and defendant's decedent, Arthur Lochner, was killed.

On November 5, 1962, Audrey Lochner, surviving spouse of decedent, was appointed executrix of decedent's estate in Ida County, the county of decedent's residence.

On November 7, 1962, plaintiffs served notice on defendant-executrix of this action started in Webster County. Under rule 48, Rules of Civil Procedure, the action was commenced with the service of this notice. This was subsequent to the death of defendant's decedent and subsequent to the appointment of defendant-executrix. At that time exclusive jurisdiction over decedent's estate was in Ida County.

Neither claim nor notice of any action or claim (as now required by the Iowa Probate Code) was ever filed in the probate court in Ida County.

On July 17, 1963, the estate was closed in Ida County pursuant to statute. The assets (what they were does not appear) were assigned to Audrey G. Lochner. There has never been any substitution of party defendant in the Webster County action.

In Webster County appearances were entered, motions, amendments, answer, counterclaim and responsive pleadings were filed during a two-year period.

On September 17, 1965, plaintiffs settled defendant's coun-

terclaim. How much was paid does not appear. There is no claim of any reservation of a right to maintain or continue plaintiffs' action against defendant as appears in Mensing v. Sturgeon, 250 Iowa 918, 97 N.W.2d 145, and In re Estate of McClintock, 254 Iowa 593, 118 N.W.2d 540. There is no showing of consent by defendant to anything except dismissal of her counterclaim. The counterclaim was dismissed with prejudice. Appearances for counterclaimant were withdrawn.

On September 20, 1965, the case proceeded to trial. The only issues that remained were the claims of plaintiffs against decedent's estate. Plaintiffs were in the wrong court, in the wrong county, with a named defendant who had been discharged, attempting to establish a claim that had never been filed in probate and more than two years after the time for filing claims had expired. Just what effect plaintiffs' settlement of the counterclaim might have or the inferences that might be drawn therefrom has not been argued.

On September 22, 1965, after two days of trial, defendant amended her answer alleging that decedent's estate was closed and that no claim had been filed therein. The amendment was resisted but no ruling thereon appears.

Defendant then moved for a directed verdict on various grounds. The question of jurisdiction was raised and is of primary importance in the problem before us.

The trial court, relying on Hulburd v. Eblen, supra, held the Webster County court was without jurisdiction and sustained defendant's motion. We affirm.

I. The controlling statutes are found in chapter 604, Code of 1962. The case is not controlled by the now effective Iowa Probate Code. See section 633.2(2), Code of 1966.

Under the controlling statutes the probate court of the county of decedent's residence had exclusive jurisdiction of the management of decedent's estate and the allowance of claims. "* * * there could be no jurisdiction of such estate, its settlement, or *allowance of claims* in the probate court of" another county. (Emphasis added.) Hulburd v. Eblen, supra, loc. cit. 1065.

Except for the manner in which the issue was raised the

situation here is exactly like Hulburd v. Eblen, supra. That was an automobile case. The man was dead. His estate was in probate. Suit was brought in the county where the accident happened. The statutes were quoted and authorities reviewed. It was held without equivocation that exclusive jurisdiction was in the county of decedent's residence, i.e., where probate was pending. On page 1067, paragraph numbered 5, it is said:

"It should also be remembered that this claim or demand of the plaintiff is not a personal claim. The person charged with the liability, if any, for the collision, is dead. Any claim for damages must be against the assets of his estate. It is an action in rem. Such an action is tried, and the jurisdiction of the action is as to the property involved, which in this case consists of the assets of the estate; and the jurisdiction of matters connected with the settlement of the estate is, by statute, exclusively in the Cass county court. In an action in rem there can be no recovery beyond that which can be recovered from the property itself. All that could be recovered, either through an action at law or allowance of claim, could not be in any amount beyond that which could be recovered from the assets of the estate."

■ II. Plaintiffs argue that by filing a counterclaim defendant waived the question of jurisdiction and that defendant's objection was not timely.

In Morse v. Morse, 247 Iowa 1113, 1123, 77 N.W.2d 622, it is said:

■ "Jurisdiction of the subject matter is given to a court solely by law. This right cannot be conferred by consent. Jurisdiction over a person is acquired by proper service of notice or by a voluntary submission to the jurisdiction of the court."

■ In the case at bar the subject matter is the claim of plaintiffs against the decedent's estate. Exclusive jurisdiction was in Ida County. There was no jurisdiction in Webster County. As said in Morse, supra, jurisdiction is given by law and cannot be conferred by consent. If jurisdiction of the subject matter is given to a court "solely by law" and "cannot be conferred by consent" the question can be raised at anytime and the fact that here the question was not raised by special appearance as in Hulburd is of no importance.

In Hubbard v. Marsh, 239 Iowa 472, 473, 32 N.W.2d 67, we said:

"While appellee has not filed a motion to dismiss or otherwise raised this issue, the question must be determined, as jurisdiction may not be had through consent, or, much less, by mere silence on the part of appellee, if as a fact no jurisdiction exists."

In Nelson v. Iowa-Illinois Gas and Electric Co., 259 Iowa 101, 111, 143 N.W.2d 289, 296, we said:

"Jurisdiction of a court over the subject matter is conferred by law and cannot be based on the estoppel of a party to deny its existence." (Citations)

McKim v. Petty, 242 Iowa 599, 45 N.W.2d 157, discusses estoppel to deny jurisdiction but does not help plaintiffs. In the case before us we have want of jurisdiction of the subject matter. The cited case says: "One who invokes or consents to a court's jurisdiction is estopped to question it on any ground *other than lack of jurisdiction of the subject matter.*" (Italics supplied.)

In re Appeal of McLain, 189 Iowa 264, 176 N.W. 817, involved jurisdiction but does not help plaintiffs. It is therein noted, loc. cit. 268 of 189 Iowa, that jurisdiction of the subject matter is not the equivalent of jurisdiction in rem and on page 270 it was said that in that case there "was not a want of jurisdiction of subject matter."

In the case at bar we are not faced with the fine distinctions between jurisdictions in personam or in rem and when or how each may be waived. We have a lack of jurisdiction of the subject matter and that cannot be waived.

III. The defendant did not invoke the original jurisdiction of Webster District Court. That was attempted by plaintiffs. There was no concealment or subterfuge on the part of defendant. Plaintiffs knew and alleged in their petition the fiduciary capacity of defendant. Plaintiffs must have known the court from which defendant obtained her authority. Plaintiffs had actual knowledge of the facts and are presumed to know the jurisdiction of the court having control of decedent's estate.

For the determination of liabilities of an estate juris-

diction is in the court where probate is pending. For the recovery of assets of an estate a fiduciary may invoke the jurisdiction of the court where there is venue. For example, in this case defendant in an original prosecution of her claim against plaintiffs could have brought action in either Webster or Polk County. She started no action but was sued in Webster County. Under our compulsory counterclaim rule (rule 29, Rules of Civil Procedure) defendant faced a dilemma. She could either file her counterclaim or run the risk of having it challenged as barred. What she did was not a voluntary invoking of jurisdiction. She filed her counterclaim. Plaintiffs (acting through their insurance carrier) settled the counterclaim and paid her off. Defendant took her settlement and went home. There was nothing else for her to do. She had been discharged as executrix and paid off as counterclaimant under assignment. When the question of jurisdiction was then raised the parties were back where they started i.e., plaintiffs were in the wrong court and wrong county attempting to litigate the only issue remaining before a court without jurisdiction.

IV. Plaintiffs never filed a claim in Ida County. They are in no position to complain because the estate was closed.

V. Plaintiffs' counsel represented plaintiffs on their claim and in defense of the counterclaim. Counsel knew of the negotiations for settlement of the counterclaim. In fact, counsel prepared papers preparatory to a settlement but there is no claim that the final settlement was in a form approved by plaintiffs' counsel. With the dismissal of the counterclaim any contention that the court had jurisdiction because of its pendency was removed.

VI. Plaintiffs tacitly admit there is no estate against which they can recover, and say they will take what can be recovered from the insurance company. The right to maintain an action for damages does not arise from the existence of insurance coverage. We assume plaintiffs are thinking of chapter 516, Code of Iowa. This law imposes liability on an insurance carrier for unpaid judgments against its insured. The statute, however, presupposes a judgment against the insured. The cause of action against the insurance carrier arises when a

judgment against the insured remains unsatisfied after execution. McCann v. Iowa Mutual Liability Ins. Co., 231 Iowa 509, 521, 1 N.W.2d 682.

VII. The effect of plaintiffs' settlement of the counterclaim on plaintiffs' claim of freedom from contributory negligence is not before us. Neither are the issues that might arise if plaintiffs had such a delayed judgment and sought the reopening of the Lochner estate more than three years after it was closed.

VIII. The Sixtieth and Sixty-first sessions of the General Assembly enacted what now appears as section 633.415, Code of 1966. The legislative change was a recognition of the jurisdictional rule of Hulburd v. Eblen, supra. The legislature by statute, operative prospectively, enlarged the jurisdictional rule then existing and made future jurisdiction in a case such as this coincident with venue.

The change supports the trial court's conclusion that the Webster County District Court did not then have jurisdiction. In Consolidated Freightways Corp. of Delaware v. Nicholas, 258 Iowa 115, 125, 137 N.W.2d 900, 907, we said: "* * * when the legislature itself sees fit to substantially change the statute, it would seem there could be little doubt but what the legislature recognized the judicial interpretation as correct and the desirability of a change. Humboldt County v. Biegger, 232 Iowa 494, 4 N.W.2d 422. Usually when an amendment is adopted, it is presumed the legislature intended to make a change in the existing law, and courts will therefore endeavor to give some effect to the amendment. Crawford v. Iowa State Highway Commission, 247 Iowa 736, 76 N.W.2d 187; State v. Flack, 251 Iowa 529, 533, 101 N.W.2d 535, and citations."

In the case at bar we are not dealing with the law as it has been changed. We are dealing with the applicable law. The legislature did not attempt a retroactive application of the change. Neither should we.

The case is—Affirmed.

All JUSTICES concur except RAWLINGS and BECKER, JJ., who dissent.