**Leighton A. WEDERATH and Edna Wederath, his wife, Appellees,**

**v.**

**Larry BRANT and Anita Brant, his wife, Appellants.**

**No. 62248.**

Supreme Court of Iowa.

Jan. 23, 1980.

Robert L. Horak, of Reading, Pauley, Horak & Mumma, Jefferson, and David L. Phipps, of Whitfield, Musgrave, Selvy, Kelly & Eddy, Des Moines, for appellants.

David E. Green, Carroll, for appellees.

REYNOLDSON, Chief Justice.

We granted further review of a court of appeals decision which affirmed a district court decree awarding plaintiffs damages against defendants for holding over after the alleged termination of a farm lease. We vacate the court of appeals decision and remand to district court for dismissal.

Defendants were tenants on plaintiffs' Greene County farm under a written one-year lease which by its provisions terminated March 1, 1975. Defendants later asserted the lease was for three years and the lease did not conform to the agreement of the parties.

February 7, 1975, plaintiffs commenced a forcible entry and detainer action in Carroll County, alleging defendants had breached the lease contract by failing to pay a $4292.50 cash rental installment due November 1, 1974. February 18, 1975, defendants appeared specially and moved for a change of venue to Greene County pursuant to section 616.1, The Code 1973. This motion was granted February 24. Plaintiffs failed to cause the papers to be filed in Greene County within twenty days as required by Iowa R.Civ.P. 175(b). The record reflects this was not accomplished until April 24.

Nonetheless, plaintiffs filed a motion for summary judgment in Greene County on March 13, 1975. April 4, 1975, defendants filed a resistance to the motion and an answer denying the lease was for one year. The answer was amended on April 14. None of these instruments directed the court's attention to the rule 175(b) violation.

April 14, 1975, district court, Judge Ed J. Kelley presiding, sustained plaintiffs' motion, ordering "that the plaintiffs have judgment of removal . . . and the plaintiffs [be] in possession."

Defendants filed notice of appeal on April 18 and applied for a stay of the district court judgment. We granted the stay on condition that the defendants post supersedeas bond. They posted a $20,000 bond in each of the two years the appeal was pending.

March 16, 1977, we dismissed defendants' appeal as moot because even under defendants' three-year lease theory plaintiffs were entitled to possession.

May 2, 1977, plaintiffs filed notice of claim and lien on the two supersedeas bonds. A week later they filed a motion for adjudication of law points seeking to establish that they were entitled to possession as established by the 1975 district court judgment. They asserted that judgment was now "the law of the case" as our dismissal "was the same as an affirmance in favor of the Plaintiffs-appellees." This application was resisted. Plaintiffs additionally claimed for double rental value during the alleged holdover period under the provisions of section 562.2, The Code 1973.

September 14, 1977, district court, Judge Albert L. Habhab presiding, ruled the 1975 summary judgment, followed by our dismissal of the appeal, fixed the rights of the parties and foreclosed the issue of the duration of the lease. The court held plaintiffs were entitled to recover the reasonable rental value of the farm from the date of the judgment on April 18, 1975, to March 1, 1977, when possession was voluntarily surrendered by defendants.

April 6, 1978, plaintiffs filed a limine motion requesting the court to limit the trial evidence solely to the reasonable rental value of the farm during the holdover period. When trial commenced on April 19, 1978, this motion was sustained by district court, Judge Leo F. Connolly presiding. In the subsequent decree trial court did not award double damages for willfully holding over, but did award plaintiffs judgment for reasonable rental value of $18,700 for the crop year ending March 1, 1976, and $22,950 for the crop year ending March 1, 1977.

Defendants appealed, asserting trial court erred in foreclosing the issue of lease duration and right to possession. They claim the underlying summary judgment was void because plaintiffs' failure to comply with the rule 175(b) change of venue requirements deprived the Greene district court of jurisdiction and authority to enter the judgment. Defendants alleged other

trial court error relating to damages which we need not consider. Plaintiffs cross-appealed, claiming trial court was wrong in not awarding double damages. The court of appeals affirmed, one judge dissenting.

### I. Issue of district court jurisdiction.

Defendants contend the court of appeals should have reversed the district court's decree because the underlying judgment for removal was void, there being no action pending when the court made its ruling.

This rationale wells from Iowa R.Civ.P. 175:

> 175. *Action brought in wrong county.*
> (a) An action brought in the wrong county may be prosecuted there until termination, unless a defendant, before answer, moves for its change to the proper county. Thereupon the court shall order the change at plaintiff's costs, which may include reasonable compensation for defendant's trouble and expense, including attorney's fees, in attending in the wrong county.
> (b) If all such costs are not paid within a time to be fixed by the court, *or the papers are not filed in the proper court within twenty days after such order, the action shall be dismissed.*

(Emphasis supplied.)

The parties agree the action was brought in the wrong county. Plaintiffs do not contend the Carroll County papers were filed in Greene County within twenty days from the order granting the venue change as required by rule 175(b). The record before us clearly shows this was not accomplished until two months later.

Our cases interpreting predecessor statutes to this rule hold that failure to file the papers within the time fixed results in dismissal of the action "by operation of law." *See Halse v. La Crescent Grain Co.,* 231 Iowa 231, 236, 1 N.W.2d 202, 204 (1941); *Chariton Finance Co. v. Wennerstrum,* 226 Iowa 464, 466–67, 284 N.W. 375, 375–76 (1939); *State ex rel. Havner v. Associated Packing Co.,* 216 Iowa 1053, 1058–60, 250 N.W. 130, 133 (1933); *Hall v. Royce,* 56 Iowa 359, 9 N.W. 295 (1881).

There is nothing in the record to show defendants raised this issue when the district court was considering the summary judgment motion in Greene County. The issue was raised in defendants' prior appeal from the resulting eviction judgment. Unfortunately, in a per curiam unpublished opinion, Uhlenhopp, J., dissenting, we dismissed the appeal on the ground of mootness.

Plaintiffs' defense to this jurisdictional contention is two-pronged: They assert this issue was not raised in trial court and therefore could not be raised on appeal, and second, when we dismissed the prior appeal the district court judgment "stood as a verity and would be res judicata until set aside, modified or reversed."

 It is true, of course, that this controversy originated as a matter of venue, not jurisdiction. Venue itself is not jurisdictional, as "[a]n action brought in the wrong county may be prosecuted there until termination, unless a defendant, before answer, moves for its change to the proper county." Iowa R.Civ.P. 175(a) (in part). *See also O'Kelley v. Lochner,* 259 Iowa 710, 712, 145 N.W.2d 626, 627 (1966) ("Jurisdiction, as contrasted with venue, refers to the power of a court to decide an issue on its merits, whereas venue refers to the place where the cause sued upon should be tried.") (quoting *Hulburd v. Eblen,* 239 Iowa 1060, 1064, 33 N.W.2d 825, 827 (1948)); Iowa R.Civ.P. 103–104. We also recognize that subject matter jurisdiction ordinarily means the power to hear and determine cases of the general class to which the proceedings in question belong, not merely the particular case then occupying the attention of the court. *Mauer v. Rohde,* 257 N.W.2d 489, 495 (Iowa 1977).

Although the failure to comply with rule 175(b) may not invoke a subject matter jurisdiction situation in the traditional sense, we have held in such cases trial court had no authority or power to do anything other than to dismiss the case. *Halse,* 231 Iowa at 236, 1 N.W.2d at 204; *Chariton Finance Co.,* 226 Iowa at 466, 284 N.W. at 376; *Associated Packing Co.,* 216 Iowa at 1060, 250 N.W. at 133. In *Chariton Finance Co.,* we annulled a writ of certiorari to the district court based on an order granting a change of venue, where the papers were not timely filed in the proper county, without considering whether the issue had been raised in district court.

Our cases decided under Iowa R.Civ.P. 215.1 are apposite. In those circumstances we have held "that when the time for [a 215.1] dismissal arrives, the case is dismissed automatically without formal action by either the court or the clerk. Failure to note the dismissal of record does not save the case." *Brown v. Iowa District Court,* 272 N.W.2d 457, 459 (Iowa 1978). In *Werkmeister v. Kroneberger,* 262 N.W.2d 295 (Iowa 1978), trial court proceeded to trial and judgment for plaintiffs in a case automatically dismissed under rule 215.1. No order of dismissal had been entered and the clerk had failed to delete the case from the docket. We reversed and remanded for judgment dismissing plaintiffs' petition, stating:

> We do not reach the merits of this controversy because we decide the district court was without authority to entertain the suit following dismissal of the case under Rule 215.1, Rules of Civil Procedure.

*Id.* at 296. Our decisions have treated the rule 215.1 cases as involving the jurisdiction of the district court. *See Baty v. City of West Des Moines,* 259 Iowa 1017, 1022–23, 1026, 147 N.W.2d 204, 208, 210 (1966); *Kutrules v. Suchomel,* 258 Iowa 1206, 1212–13, 141 N.W.2d 593, 597 (1966).

 Analyzing the case before us in light of the above decisions, we conclude the 1975 proceeding did not result in a judgment because there was no action before the court. Pertinent here is Iowa R.Civ.P. 219: "*Judgment defined.* Every final adjudication of any of the rights of the parties *in an action* is a judgment." (Emphasis supplied.) Ordinarily, then, a judgment must be foundationed on an *action. Cf.* Chapter 677, The Code ("Offer to Confess Judgment"). In our jurisprudence, the *sine qua non* of an action formerly was an original notice, now it is a petition. Iowa R.Civ.P.

48 ("A civil action is commenced by filing a petition with the court."). A case which has been dismissed is no longer an action. This was the basis of the *Hall* court's 1881 decision when it wrote, "This omission [to timely file the papers in the proper county] was not cured by the defendant's appearance, and moving to strike the cause. *No action was pending*, because it had been discontinued by operation of law." 56 Iowa at 361, 9 N.W. at 296 (emphasis supplied).

In the case before us there was no petition before the court and no action pending in district court after plaintiffs failed to file the papers in Greene County within twenty days. It was their burden to carry out the appropriate procedural steps to keep the action alive. Nothing defendants did or could do thereafter could resurrect it. Subject matter jurisdiction is given to a court solely by law: It cannot be conferred by consent. *O'Kelley*, 259 Iowa at 715, 145 N.W.2d at 629.

In these circumstances trial court had no legal authority to enter judgment when no action was pending. When a court acts without legal authority to do so, it lacks jurisdiction of the subject matter. *In re Adoption of Gardiner*, 287 N.W.2d 555, 559 (Iowa 1980); *see Pierce v. Pierce*, 287 N.W.2d 879, 881–82 (Iowa 1980). The effect of action taken by a court without jurisdiction of the subject matter is that the action is void. *In re Adoption of Gardiner*, 287 N.W.2d at 559.

II. *Effect of our dismissal.*

We turn briefly to plaintiffs' claim our prior mootness dismissal validated their 1975 summary "judgment."

At the outset, it is plain that dismissal did not purport to determine the question of lease duration. Because three years had expired, we said our attempt "to resolve this appeal would amount to an interdicted advisory opinion" because "any rights asserted by lessees, if granted, would have terminated March 1, 1977, a time now passed." The matter then before us, on its face, was a forcible entry and detainer case

in which the sole question was possession, not a claim for damages for holding over. *See State ex rel. Turner v. Buechele*, 236 N.W.2d 322, 324 (Iowa 1975) ("The test [of mootness] is whether an opinion would be of force and effect as to the *underlying controversy*.") (emphasis in original).

Although in retrospect it was unfortunate that we did not dismiss the appeal because there was no valid judgment from which to appeal, we now hold our above decision did not resolve the issue of lease term, nor validate a "judgment" entered where no action was pending, despite any language in the procedendo which subsequently issued. *See Lanahan v. City of Los Angeles*, 14 Cal.2d 128, 133–34, 92 P.2d 1014, 1016–17 (1939); 5 C.J.S. *Appeal & Error* § 1384, at 503 (1958) ("On dismissal, the whole case is out of court, and it cannot in any manner pass on the merits of the action or determine questions raised in the briefs concerning the merits . . . .").

A void "judgment" remains subject to collateral attack. *Peterson v. Eitzen*, 173 N.W.2d 848, 850 (Iowa 1970); *see Lewis v. Shaw*, 77 Cal.App. 99, 101, 246 P. 86, 86–87 (1926); *Schmehl v. Mellinger*, 325 Pa. 487, 489–90, 191 A. 62, 63 (1937); 5 C.J.S. *Appeal & Error* § 1384, at 505 & n.60 (1958) ("The dismissal of an appeal from a void order or judgment on a ground which does not involve its validity [e. g., mootness] does not impart to the order or judgment any validity which it would not have had if there had been no appeal."). Thus our mootness dismissal of defendants' prior appeal did not affirm the question of trial court's jurisdiction to enter a judgment where no action was pending.

But once brought to our attention, the question of subject matter jurisdiction "must be disposed of, no matter in what manner of form or stage presented." *Walles v. International Brotherhood of Electrical Workers*, 252 N.W.2d 701, 710 (Iowa), *cert. denied sub nom. Walles v. Bechtel Corp.*, 434 U.S. 856, 98 S.Ct. 175, 54 L.Ed.2d 127 (1977); *see Qualley v. Chrysler Credit Corp.*, 261 N.W.2d 466, 468 (Iowa 1978).

Accordingly, the decision of the court of appeals is vacated. This matter is remanded to district court with instructions to dismiss the case without prejudice to plaintiffs. Costs are to be assessed to plaintiffs. This disposition makes it unnecessary to consider the other issues raised by these parties in this appeal.

DECISION OF COURT OF APPEALS VACATED;

REMANDED TO DISTRICT COURT WITH INSTRUCTIONS.

All Justices concur except McCORMICK, J., who concurs specially, and HARRIS, J., who takes no part.

McCORMICK, Justice (concurring specially).

I concur in division I and the result.

The question in division II is one of issue preclusion rather than merely one of subject matter jurisdiction. The court's holding that the mootness dismissal of defendants' appeal from plaintiffs' 1975 summary judgment did not validate the judgment does not answer this question. If issue preclusion applies, the validity of the judgment cannot be challenged.

The doctrine that a void judgment remains subject to collateral attack is not without exception. *See Lincoln Joint Stock Land Bank v. Brown*, 224 Iowa 1256, 1260, 278 N.W. 294, 296 (1938) (holding that an exercise of appellate jurisdiction in a prior appeal was conclusive on the issue of subject matter jurisdiction in the case); *Restatement of Judgments* § 10(1) (1942) ("Where a court has jurisdiction of the parties and determines that it has jurisdiction over the subject matter, the parties cannot collaterally attack the judgment on the ground that the court did not have jurisdiction over the subject matter, unless the policy underlying the doctrine of res judicata is outweighed by the policy against permitting the court to act beyond its jurisdiction.").

An exercise of jurisdiction is an implicit finding of subject matter jurisdiction. *See* 20 Am.Jur.2d *Courts* § 93 (1965); 21 C.J.S. *Courts* § 113 at 174–75 (1940) ("The court

necessarily decides that it has jurisdiction by proceeding in the cause."). Because a dismissal of an appeal on mootness grounds plainly involves an exercise of jurisdiction, this court implicitly found it had subject matter jurisdiction of the prior case. Defendants' right to attack the 1975 judgment depends on whether the tension between principles of finality and subject matter jurisdiction should be resolved in their favor in these circumstances.

Defendants did assert the lack of subject matter jurisdiction in the prior appeal. Therefore the failure of this court to address the issue in the majority and dissenting opinions cannot be attributed to them. They demonstrated that the trial court had clearly acted without jurisdiction. Moreover, plaintiffs cannot claim surprise that defendants still assert this contention. I agree with the result in the present case because the policy favoring finality is plainly outweighed by the policy against permitting a court to act beyond its jurisdiction in these circumstances. This result is also consistent with the recent statement of applicable principles in *Restatement (Second) of Judgments* § 15(1) (Tent.Draft No. 5, 1978), § 117 (Tent.Draft No. 6, 1979).