Imogene Loretta ROHOVIT, an Individual; Julie Lynn Rohovit, an Individual; and Lori Janelle Rohovit, an Individual, Appellees,

v.

MECTA CORPORATION, a Corporation, Defendant,

State of Iowa; Edward Sathoff, an Individual; Keith Rogers, an Individual; Bruce Pfohl, an Individual; D.W. Black, an Individual; Mark Fulton, an Individual; and J. Liesveld, an Individual, Appellants.

No. 92–1853.

Supreme Court of Iowa.

Oct. 20, 1993.

Steven R. Regenwether and Richard M. Tucker of Phelan, Tucker, Mullen, Bright & Walker, Iowa City, and Bonnie J. Campbell, Atty. Gen., and Craig Kelinson, Sp. Asst. Atty. Gen., for appellants.

Marc A. Humphrey, Fredd J. Haas, and Kathleen J. Beebout of Humphrey and Haas, P.C., Des Moines, for appellees.

Considered by HARRIS, P.J., and CARTER, LAVORATO, NEUMAN, and ANDREASEN, JJ.

NEUMAN, Justice.

This appeal stems from a district court clerk's failure to complete a timely transfer of a case file after the court ordered a change of venue pursuant to Iowa Rule of Civil Procedure 175. The error, defendants claimed, compelled dismissal of plaintiffs' petition. The district court thought otherwise and overruled defendants' motion. We affirm.

Plaintiff Imogene Rohovit [1] filed a tort action in the district court for Polk County against defendants Mecta Corporation, the State of Iowa, and physicians at the University of Iowa Hospitals and Clinics. Before answering, defendants alleged that the case should be tried in Johnson County and moved for a change of venue under Iowa

---

1. Rohovit's daughters sought damages for loss of consortium. For simplicity we will refer to the plaintiffs as "Rohovit" throughout the opinion.

Rule of Civil Procedure 175. That rule states:

>   (a) An action brought in the wrong county may be prosecuted there until termination, unless a defendant, before answer, moves for its change to the proper county. Thereupon the court shall order the change at plaintiff's costs, which may include reasonable compensation for defendant's trouble and expense, including attorney's fees, in attending in the wrong county.
>
>   (b) If all such costs are not paid within a time to be fixed by the court, or the papers are not filed in the proper court within twenty days after such order, the action shall be dismissed.

Iowa R.Civ.P. 175 (1991). Rohovit did not resist the motion. Following hearing, the court ordered the transfer at Rohovit's cost.

Rohovit's counsel promptly paid the costs and advised the Polk County clerk of court by letter that the case had been transferred pursuant to a court ordered change of venue. It took the clerk more than twenty days, however, to send the case file to Johnson County. The clerk there did not receive and docket the file until five days beyond the twenty-day deadline.

Defendants responded by filing a motion to dismiss or strike in the district court for Johnson County. They alleged that because Rohovit had not transferred the file to Johnson County within twenty days, the case stood dismissed as a matter of law. Rohovit countered that upon paying the required costs, she had done all she could do to effect a transfer under the rule. The district court agreed with Rohovit, and this appeal followed.

The question on appeal is whether the district court correctly applied rule 175(b). Our review is for the correction of errors at law. *See Symmonds v. Chicago, Milwaukee, St. Paul & Pacific R.R. Co.,* 242 N.W.2d 262, 264 (Iowa 1976) (decision to sustain or overrule motion to dismiss must rest on legal grounds, not court's discretion).

Resolution of the controversy is clouded somewhat by our decision in *Wederath v. Brant,* 287 N.W.2d 591 (Iowa 1980). In *Wed-*

*erath,* the plaintiffs took no action to see that papers were filed in the proper county within twenty days of an order changing venue. *Id.* at 592. Nevertheless the parties continued to litigate in the transferee county where the court—apparently oblivious to the rule 175(b) defect—granted plaintiffs' motion for summary judgment. In a subsequent challenge to the validity of that judgment, this court held that plaintiffs' noncompliance with rule 175(b) resulted in dismissal of the action by operation of law. *Id.* at 594. The court reasoned that because there was no action pending when the judgment was entered, the judgment was void. *Id.* at 595.

Although defendants vigorously argue that *Wederath* controls the present case, their reliance on its holding is misplaced. Factually, the case is distinguishable because the *Wederath* plaintiffs apparently took *no* action to trigger transfer of the case until long past the twenty-day deadline. Their inaction stands in contrast to Rohovit's prompt payment of costs and clear advice to the clerk about the transfer order. While *Wederath* spoke of the plaintiffs' failure to "keep the action alive," *see id.,* no such criticism would be justified here.

From a legal standpoint, a second look at *Wederath* yields two observations. First, the decision relied heavily on cases predating the current rules of civil procedure. The point is noteworthy because the precursor to rule 175(b) expressly placed the burden of transferring files on the plaintiff:

>   If the sum so awarded and costs are not paid to the clerk by the time to be fixed by the court, or if the papers in such case are not *filed by the plaintiff* in the court to which the change is ordered ten days before the first day of the next term thereof . . . the action shall be dismissed.

Iowa Code § 488.11054 (1939) (emphasis added). We believe the current rule's ambiguity regarding responsibility for transfer once costs are paid must be fairly resolved in Rohovit's favor. This is consistent with the rule that, when ambiguity surfaces, courts show

>   widespread preference for the method of interpreting procedural statutes which insures that a case will not be disposed of on

the basis of procedural technicalities but will be considered on its merits and decided on the basis of the substantive rights of the parties.

*Uttecht v. Ahrens,* 312 N.W.2d 571, 573 (Iowa 1981) (citing 3 Norman J. Singer, *Sutherland Statutory Construction* § 67.02, at 219 (4th ed. 1974)).

Second, the *Wederath* holding drew much of its strength from analogy to the law then existing regarding rule of civil procedure 215.1 dismissals. At the time *Wederath* was decided, this court adhered to a rigid dismissal rule that discounted the effect of clerical error. *See, e.g., Werkmeister v. Kroneberger,* 262 N.W.2d 295, 296 (Iowa 1978) (clerk's failure to note dismissal of record insufficient to save case); *Brown v. Iowa Dist. Court,* 272 N.W.2d 457, 459 (Iowa 1978) (same). More recently, we have ruled that automatic dismissal under rule 215.1 is not appropriate when the clerk has failed to give counsel the "try or dismiss" notice required by the rule, *Erickson v. Salama,* 379 N.W.2d 904, 907 (Iowa 1986), or has served the notice late, *Greene v. Tri–County Community School District,* 315 N.W.2d 779, 782 (Iowa 1982).

Finally, administrative practicalities convince us it is wiser to vest control of court files in the clerk, rather than individual litigants. Rule 175(b) should be reasonably interpreted to advance that policy. *Cf.* Iowa R.Civ.P. 173 (upon change of venue on grounds other than action being brought in wrong county, "the *clerk* shall forthwith transmit" transcript and other papers to proper court) (emphasis added).

Thus we are persuaded that the district court did not err when it refused to dismiss Rohovit's action following a clerk's delay in transferring the files. We affirm the court's ruling and remand the case for further proceedings.

**AFFIRMED AND REMANDED.**