**In re the MARRIAGE OF Charles F. FAIRALL and Susan M. Fairall,**

**Upon the Petition of Charles F. Fairall, Appellant,**

**And Concerning Susan M. Fairall, Appellee.**

No. 85–1814.

Supreme Court of Iowa.

April 15, 1987.

Raymond Rosenberg and Linda R. Reade of Rosenberg, Rosenberg & Reade, Des Moines, for appellant.

Dan L. Dudley of Murray, Davoren & Dudley, Des Moines, for appellee.

Considered by REYNOLDSON, C.J., and McGIVERIN, LARSON, LAVORATO, and NEUMAN, JJ.

REYNOLDSON, Chief Justice.

We granted interlocutory appeal to determine whether a petition to partially vacate a marital dissolution decree, brought under Iowa Rules of Civil Procedure 252 and 253, must be filed *and* notice served within one year of final judgment to invest the district court with authority to change the decree. District court ruled the timely filing of the petition alone was sufficient to preserve petitioner's rights. We reverse and remand the case to district court with instructions to dismiss the petition.

There is little dispute about the facts underlying this controversy. August 5, 1980, a dissolution decree was filed in Marshall County district court dissolving the marriage of Charles and Susan Fairall. In the proceedings leading to the final decree, Susan was not represented by counsel.

Eight months later, in March 1981, Susan, who was then living in Arizona, contacted a Des Moines lawyer about the possibility of challenging the dissolution decree. Susan's lawyer subsequently contacted Charles concerning the terms of the stipulation in that proceeding. After receiving some information from Charles, Susan's lawyer told Charles a petition to vacate the dissolution decree would be filed.

June 5, 1981, Susan's lawyer was contacted by Charles's attorney, Raymond Rosenberg. Rosenberg asked Susan's lawyer not to file the petition until they had a chance to discuss settlement. Susan's lawyer agreed on the condition Rosenberg waive any defenses otherwise occasioned by the additional delay. By letter dated June 12, 1981, Rosenberg accepted that condition.

Susan's lawyer subsequently met with Rosenberg and requested a financial statement from Charles. Although Rosenberg and Charles agreed to this request, the

financial statement was not made available to Susan until approximately July 22, 1981.

July 24, 1981, Susan's lawyer informed Rosenberg by letter that he could not delay filing much longer because the "one-year limitation" placed upon the filing of the "application" to set aside the decree could not be waived. *See* Iowa R.Civ.P. 252, 253. This letter was followed shortly by a formal settlement proposal. That proposal was rejected on August 4, 1981, again after Rosenberg apparently had asked Susan's lawyer to delay filing until he could talk to Charles.

Susan's petition to vacate was filed August 4, 1981, in Marshall County district court.

Grounded upon irregularity, fraud, and duress, the petition and supporting affidavit alleged Susan had relied upon Charles as her attorney and advisor in the dissolution proceeding; that under the stipulation she received approximately $55,000 in money and property out of the marital assets totaling over $1,000,000, custody of the parties' four-year-old son, and child support. She further alleged Charles had advised her the proposed property settlement and child support was fair and the maximum she could expect to receive under Iowa law, and that if she did not accept the stipulation terms Charles would "insure" that Susan would not have custody of their child.

On the same day the petition was filed, Susan's lawyer attempted to have Charles served at his law office. Charles, however, left the office shortly before the attempted service to spend several days in Clear Lake, Iowa, at his father's condominium. When Susan's process server attempted to serve Charles at his office, the server was told Charles was in Des Moines and could not be reached.

Personal service consistent with Iowa Rule of Civil Procedure 56.1 was perfected some time after August 10, 1981. By that time more than one year had elapsed from entry of the dissolution decree.

After adverse court rulings on two special appearances, Charles filed a motion to dismiss Susan's petition. That motion challenged district court's authority to consider the merits of Susan's petition in light of her failure to serve notice on Charles within one year of the challenged decree. *See Tigges v. City of Ames*, 356 N.W.2d 503, 511 (Iowa 1984). The court rejected Charles's motion on the ground timely filing of the petition to vacate was sufficient, under Iowa Rule of Civil Procedure 55, to toll the requirement that service also occur within one year of the judgment under attack. The validity of that ruling is now before us for review.

■ I. We initially note the August 5, 1980, dissolution decree was a final decree. The decree conclusively determined the rights of the parties and was decisive of any controversy regarding dissolution of the marriage. *See Snyder v. Allamakee County*, 402 N.W.2d 416, 418 (Iowa 1987); *Davenport Bank & Trust Co. v. City of Davenport*, 318 N.W.2d 451, 453 (Iowa 1982); *Poulsen v. Russell*, 300 N.W.2d 289, 293 (Iowa 1981). Entry of the decree exhausted district court authority over the matter, subject only to that authority being reasserted in the manner provided for by law. *See* Iowa Const. art. V, § 6; *Snyder*, 402 N.W.2d at 419; *Molitor v. City of Cedar Rapids*, 360 N.W.2d 568, 569 (Iowa 1985).

II. One means of reasserting district court power to vacate all or a portion of a dissolution decree is by the petition provided for in Iowa Rules of Civil Procedure 252 and 253. "Rule 252 gives the court jurisdiction to entertain a direct attack on a final adjudication on certain enumerated grounds [including fraud] by petition filed in the original action." *Smith v. Lally*, 379 N.W.2d 914, 916 (Iowa 1986).

■ A petition to vacate, however, is not itself an original action. *See* Iowa R.Civ.P. 253(a). Thus, rules of civil procedure 48 (commencement of actions) and 55 (tolling statutes of limitations) are inapplicable. *See BHC Co. v. Board of Review*, 351 N.W.2d 523, 524–26 (Iowa 1984); *Economy Forms Corp. v. Potts*, 259 N.W.2d 787, 788 (Iowa 1977).

Rather, the process for invoking district court power to "correct, vacate or modify" a final decree through a rule 252 petition is prescribed by rule of civil procedure 253. Rule 252 specifically premises district court's authority to act upon the merits of such a petition "[u]pon timely petition and notice [as provided for] under [rule] 253." Iowa R.Civ.P. 252.

Rule 253(a) in turn provides that "[a] petition for relief ... *must* be filed ... within one year after the rendition of the judgment or order involved." Iowa R.Civ.P. 253(a) (emphasis added). Rule 253(b) builds on this requirement by providing that "[a]fter filing the petition, and *also within [one] year* ..., petitioner must serve the adverse party with an original notice." Iowa R.Civ.P. 253(b) (emphasis added).

District court authority in these situations cannot be conferred by consent, waiver, or estoppel. *Rerat Law Firm v. Iowa Dist. Court*, 375 N.W.2d 226, 231 (Iowa 1985); *State v. Ryan*, 351 N.W.2d 186, 187 (Iowa 1984). Accordingly, we have stated: " 'Jurisdiction does not attach, nor is it lost, on equitable principles. It is purely a matter of statute.' " *BHC Co.*, 351 N.W.2d at 526 (quoting *Cunningham v. Iowa Dep't of Job Serv.*, 319 N.W.2d 202, 205 (Iowa 1982)). It follows that a petitioner seeking relief under rule 252 bears the burden to follow the prescribed procedural steps of rule 253 necessary to keep his or her post-judgment rights alive. *See Snyder*, 402 N.W.2d at 419.

We thus hold that to invoke the power of the district court to correct, vacate, or modify a final judgment or order through a rule 252 petition, the petition must be filed and the notice must be served within one year as required by rule 253(a) and (b).

Our prior decisions are consistent with this determination. *See, e.g., Thompson v. Stephenson*, 332 N.W.2d 341, 343 (Iowa 1983); *Greene v. Tri-County Community School Dist.*, 315 N.W.2d 779, 781–82 (Iowa 1982); *Holmes v. Polk City Sav. Bank*, 278 N.W.2d 32, 35 (Iowa 1979); *Lamp v. Guth*, 183 N.W.2d 674, 678 (Iowa 1971); *Soren-son v. Sorenson*, 254 Iowa 817, 824–25, 119 N.W.2d 129, 133–34 (1963); *In re De Penning's Estate*, 244 Iowa 690, 694–701, 58 N.W.2d 9, 11–15 (1953); *Shaw v. Addison*, 236 Iowa 720, 725–28, 18 N.W.2d 796, 799–801 (1945); *Pedersen v. Pedersen*, 235 Iowa 708, 714, 17 N.W.2d 520, 523 (1945); *Kern v. Woodbury County*, 234 Iowa 1321, 1322–24, 14 N.W.2d 687, 687–88 (1944); *see also Hammon v. Gilson*, 227 Iowa 1366, 1374, 291 N.W. 448, 452 (1940); *Workman v. District Court*, 222 Iowa 364, 367, 269 N.W. 27, 28 (1936) (construing predecessors of rules 252 and 253). To the extent *Harrison v. Keller*, 254 Iowa 267, 272, 117 N.W.2d 477, 480 (1962), indicates without citation of authority that the limitations of rules 252 and 253 are nonjurisdictional it is inconsistent with this case and is overruled.

Susan's petition to partially vacate the dissolution decree was filed within one year of the divorce decree. Service, however, was not effected within that same year. As a result, district court's authority to provide any relief was not triggered and her petition should have been dismissed. Our decision of course will not affect other rights, claims, or actions that may still be available to Susan.

We reverse the district court decision and remand this case with instructions to dismiss the petition.

REVERSED AND REMANDED.