**Donna THOMPSON, Appellant,**

v.

**The ESTATE OF Raymond E. HERRON, Deceased; Nancy Metz a/k/a Nancy Rae Herron Metz; Larry Estel Herron, As Trustee of the Raymond E. Herron Family Trust; Larry Estel Herron, Individually; Zoa Jean Herron Boyd a/k/a Z. Jean Wrigley; and Lillian M. Herron, Appellees.**

No. 96–23.

Supreme Court of Iowa.

March 26, 1997.

Rehearing Denied April 18, 1997.

Robert W. Green, Sioux City, for appellant.

Randy V. Hefner of Van Werden, Hulse & Hefner, Adel, for appellees.

Considered by HARRIS, P.J., and CARTER, SNELL, ANDREASEN, and TERNUS, JJ.

SNELL, Justice.

Plaintiff, Donna Thompson, appeals the district court's granting of defendants' motion for partial summary judgment. We affirm.

We review this matter to determine if there is an error at law. Iowa R.App. P. 4.

---

1. We do not consider or decide if other statutes of limitation bear on Thompson's claim for damages.

Thompson's claim arises out of an automobile accident involving a vehicle in which she was a passenger and a vehicle driven by Raymond E. Herron. Herron was killed in the accident, which occurred on May 10, 1991, in Crawford County, Iowa. Herron's estate was opened in Dallas County, Iowa, on May 20, 1991, and was closed on December 17, 1991. The lawsuit in the instant case was filed in Crawford County on May 6, 1993.

In the Crawford County lawsuit, Thompson named the following as defendants: the estate of Raymond E. Herron; Larry Estel Herron, both individually and as trustee of the Raymond E. Herron Family Trust; Zoa Jean Herron Boyd, a/k/a Z. Jean Wrigley; Lillian M. Herron; and Nancy Metz, a/k/a Nancy Rae Herron Metz. Thompson alleged that the named defendants were all beneficiaries of the Herron estate. In addition, she alleged that Nancy Metz was a co-owner with Raymond Herron of the car driven by Raymond Herron.

Thompson's petition sought damages based on: (1) a tort claim against the estate and Nancy Metz claiming damages as a result of the decedent's negligence in driving his automobile, and (2) a claim against beneficiaries of the estate for damages caused by the improper distribution of the estate's assets. The latter claim was based on an alleged failure of the executor to give Thompson a mailed notice under Iowa Code section 633.410 (1993).

Defendant Metz answered the petition by denial and affirmative defenses. The other defendants answered by denying the allegations and raised affirmative defenses including that the estate of Raymond E. Herron had been probated and closed in the Iowa District Court in Dallas County. It was further alleged that the estate had not been reopened and that plaintiff had no claim against the estate because no such entity exists.

A motion for partial summary judgment was filed asking for a dismissal of all claims against "the Estate of Raymond E. Herron" and the individual defendants named as beneficiaries of that estate. The district court granted the motion and dismissed the case against these defendants. The court noted that the claim against Nancy Metz, as alleged owner of the vehicle that collided with the vehicle carrying the plaintiff, remained pending in the case.

In granting the summary judgment, the district court concluded that defendants established that there was no entity known as "the Estate of Raymond E. Herron" and that the estate that did exist in Dallas County, Iowa, was closed on December 6, 1991, and has never been reopened. The court further found that the claims against the estate beneficiaries amounted to a challenge against the distribution of the estate assets and would have to be pursued against the estate in Dallas County.

■ Probate jurisdiction of estates is provided by Iowa Code section 633.12 (1993). It provides that each county shall have exclusive jurisdiction to administer estates of all persons who are residents of the county. The estate of Raymond E. Herron was probated in Dallas County and had been closed on December 11, 1991. The trial court correctly determined that summary judgment was proper because the defendant Herron estate did not exist and the asserted claims against the dismissed individual defendants would have to be made in Dallas County. *See* Iowa Code §§ 633.12, 633.415, 633.489; *see also In re Estate of Herron,* 561 N.W.2d 30, 33 (Iowa 1997).

The partial summary judgment for defendants rendered by the district court in Crawford County was proper and is affirmed.

**AFFIRMED.**