**In the Matter of the ESTATE OF Raymond E. HERRON, Deceased, Donna Thompson, Appellant.**

No. 95–807.

Supreme Court of Iowa.

March 26, 1997.

Robert W. Green, Sioux City, for appellant. ·

Randy V. Hefner of Van Werden, Hulse & Hefner, Adel, for the estate.

Considered by HARRIS, P.J., and CARTER, SNELL, ANDREASEN, and TERNUS, JJ.

SNELL, Justice.

Donna Thompson applied to the district court to reopen the estate of Raymond E. Herron in order to pursue a tort claim against the estate. The court denied the application. On appeal the court of appeals affirmed. We granted further review. Because the record revealed that the district court was in the process of reconsidering the ruling at issue at the time the notice of appeal was filed, we issued an order of limited remand restoring jurisdiction to the district court to act further in the matter.

On reconsideration of the issue, the district court reopened the estate but left open the issue of whether the claim was barred by the two-year statute of limitations contained in Iowa Code section 614.1(2) (1993). We are convinced that the claimant presented grounds that justified the reopening of the estate. Consequently, we vacate the judgment of the court of appeals, vacate the order of the district court from which this appeal was taken, and confirm the order entered on limited remand.

## I. Factual Background

The lawsuit sought to be tried by Donna Thompson arises out of an automobile collision between a vehicle in which Thompson was a passenger and a vehicle driven by Raymond E. Herron. Herron was killed in the accident on May 10, 1991. His estate was opened on May 20, 1991, and was closed on December 17, 1991.

The application to reopen was filed on April 26, 1993. It stated that Thompson had suffered personal injuries in the accident and that the estate should be reopened to allow her to pursue her claim. Thompson also alleged she was never given mailed notice of the pendency of the probate and that she was not a resident of the State of Iowa during the time the Herron estate was probated. These allegations are not denied.

Resistance to the application was filed by the estate on the grounds that the applicant failed to prosecute her action in a timely manner and that, as a matter of law, grounds for reopening the estate had not been established.

## II. Scope of Review

■ We review for correction of errors at law and for abuse of discretion. *In re Estate of Witzke*, 359 N.W.2d 183, 185 (Iowa 1984).

## III. Procedural History

A. Following applicant's petition to reopen the estate, filed on April 26, 1993, a resistance and supplement to the resistance were filed by the estate. On May 14, 1993 and June 4, 1993, the court ordered continuances, after both parties agreed to them. No hearing was held on the application to reopen.

On March 31, 1995, the district court entered an order, without hearing, denying the application to reopen. The applicant, Thompson, next filed on April 10, 1995, a motion under Iowa Rule of Civil Procedure 179(b) and a motion for new trial. No hearing or ruling was made on these motions. Although these motions were pending, Thompson filed a notice of appeal to our court on May 1, 1995.

Thereafter, the district court sought to undo what it had done. It filed on May 25, 1995 an order canceling its March 31, 1995 order that denied the application to reopen the estate. It then set the application to reopen for hearing at 1:30 p.m. on June 9, 1995. When the court learned that a notice of appeal had been filed, it proceeded no further until we restored jurisdiction by means of a limited remand.

■ B. Initially we decide what we are reviewing in this four-year-old case of resolute inertia. The estate's charge that Thompson failed to prosecute her action may have been the result more of happenstance than of inattention. She did obtain an order for a hearing over two years after her application to reopen the estate was filed. However, this was after filing a notice of appeal on the last day available after the denial of her application. Her rule 179(b) motion was still pending at that time. We have held that applications under rule 179(b) are waived and abandoned when the moving party, as here, files a notice of appeal. *Recker v. Gustafson,* 271 N.W.2d 738, 739 (Iowa 1978). The May 24, 1995 order canceling the March 31, 1995 order had no legal effect, the district court having lost jurisdiction to our court by the filing of the notice of appeal on May 1, 1995. *See Wolf v. City of Ely,* 493 N.W.2d 846, 848 (Iowa 1992). We therefore are reviewing the denial of the application for reopening of the estate filed on March 31, 1995 and the validity of order following our limited remand.

IV. Resolution

The petition to reopen was filed pursuant to Iowa Code section 633.489 (1995). That section states:

Upon the petition of any interested person, the court may, with such notice as it may prescribe, order an estate reopened if other property be discovered, if any necessary act remains unperformed, or for any other proper cause appearing to the court. It may reappoint the personal representative, or appoint another personal representative, to administer any additional property or to perform other such acts as may be deemed necessary. The provisions of law as to original administration shall apply, insofar as applicable, to accomplish the purpose for which the estate is reopened, but a claim which is already barred can, in no event, be asserted in the reopened administration.

■ We have interpreted this section to permit the district court to exercise discretion in permitting the reopening of an estate for reasons other than discovery of property and performance of a necessary act. *Wykoff v. Witzke,* 359 N.W.2d 183, 185 (Iowa 1984). Reversal of a district court ruling is based on an abuse of discretion. *Id.* The applicant Thompson contends she is entitled to reopen the estate because of failure of notice to her and because her claim will be against the decedent's insurance carrier, which will not put the estate at risk.

Due process requires that all known or reasonably ascertainable creditors of an estate must be given notice by mail instead of mere notice by publication. *Tulsa Prof'l Collection Servs., Inc. v. Pope,* 485 U.S. 478, 489, 108 S.Ct. 1340, 1347, 99 L.Ed.2d 565, 579 (1988). We have interpreted Iowa Code section 633.410 as requiring that in order to activate the section's statute of limitation, there must be mailed notice to a reasonably ascertainable creditor, even though the creditor had actual knowledge of the pendency of the probate. *In re Estate of Renwanz,* 561 N.W.2d 43, 45 (Iowa 1997).

Section 633.410, which bars untimely claims filed against an estate, contains an exception reading:

This section does not bar claims for which there is insurance coverage, to the extent of the coverage, or claimants entitled to equitable relief due to peculiar circumstances.

■ Section 633.489 on reopening the administration of an estate provides that notice of the petition be given, as the court prescribes. A hearing on the matter is clearly contemplated by the statutorily prescribed notice. No hearing was ever given before the court denied the application, though one was later ordered, but was untimely. We hold that a hearing was mandatory under section 633.489. It was an abuse of discretion for the court to deny Thompson's application when no hearing had been conducted.

■ On limited remand, the district court, on hearing, found that Thompson's claim was at least partially covered by liability insurance. It concluded that the insurance exception to section 633.410 would be meaningless if courts do not act to reopen closed estates under the circumstances here presented. We agree. If there are no other legal bars,

the court shall proceed to adjudicate Thompson's claim.[1]

In this Dallas County case it was noted that a suit by Donna Thompson against the estate was filed in Crawford County on May 6, 1993. That suit was dismissed by summary judgment on the ground that there was no Raymond E. Herron Estate in existence. *See* Iowa Code §§ 633.12, 633.415; *see also O'Kelley v. Lochner,* 259 Iowa 710, 145 N.W.2d 626, 629 (1966). That case is also on appeal. That proceeding has no effect on our decision in the instant case, but may affect further proceedings in the district court following the conclusion of this appeal.

We vacate the decision of the court of appeals and the original order of the district court. We confirm the order on limited remand reopening the estate. We remand the case to the district court for further proceedings consistent with this opinion.

**DECISION OF COURT OF APPEALS VACATED; JUDGMENT OF DISTRICT COURT VACATED AND ORDER ON LIMITED REMAND CONFIRMED.**

---

1. We do not consider or decide if other statutes of limitation bear on Thompson's claim for damages.