Donna THOMPSON, Appellant,

v.

ESTATE OF Raymond E. HERRON, Deceased, Larry E. Herron, Executor, Appellee,

and Nancy Metz a/k/a Nancy Rae Herron Metz, Defendant.

No. 98–1595.

Supreme Court of Iowa.

July 6, 2000.

Robert W. Green, Sioux City, for appellant.

Randy V. Hefner of Van Werden & Hefner, Adel, for appellee.

CARTER, Justice.

Motor vehicle tort claimant, Donna Thompson, who commenced this action against the personal representative of a deceased motorist following the reopening of that decedent's estate appeals from a determination that her claim is barred by the statute of limitations. The appellee is Larry E. Herron, executor of the reopened estate of Raymond E. Herron. After reviewing the record and considering the arguments presented, we agree with the district court's conclusion that Thompson's claim is barred by the personal injury statute of limitations contained in Iowa Code section 614.1(2) (1991). We affirm the judgment of the district court.

This case arose out of an automobile collision that occurred in Crawford County on May 10, 1991, in which Donna Thompson was injured when a car driven by Raymond Herron struck the vehicle in which she was riding. Raymond Herron was killed in the accident. His estate was opened on May 20, 1991, in the Dallas County District Court and was closed on December 17, 1991. On April 26, 1993, Thompson moved to reopen the estate in Dallas County. The district court initially denied that application. On May 6, 1993, Thompson filed suit in Crawford County against the estate of Raymond Herron and others. On November 30, 1995, the Crawford County District Court granted summary judgment against Thompson on her claim against the estate on the basis that Herron's estate had been closed for more than sixteen months at the time she commenced her action and therefore did not exist as a sueable entity. The dismissal that resulted from this ruling was without prejudice.

A motion for reconsideration was filed with respect to the denial of the application to reopen the estate in Dallas County. The court set that application for hearing, but before the hearing could be held, Thompson appealed the denial of her motion to reopen to this court. She also appealed the dismissal of the Crawford County action.

We affirmed the dismissal of the Crawford County action in *Thompson v. Estate of Herron*, 561 N.W.2d 33 (Iowa 1997). In Thompson's appeal of the denial of the petition to reopen, we remanded the proceeding to the district court in Dallas County with instructions to proceed with the hearing that it had contemplated on Thompson's motion to reconsider her request to reopen. We retained jurisdiction of the appeal. Subsequently, the district court in Dallas County ruled that the existence of liability insurance applicable to Thompson's claim provided a legitimate basis for reopening the Herron estate. When the matter was returned to this court following the district court's altered conclusions, we confirmed the decision to reopen the estate. We concluded that Thompson's claim may not have been barred by section 633.410 but added the caveat that the district court could proceed with the adjudication of Thompson's claim "[i]f there are no other legal bars." *In re Estate of Herron*, 561 N.W.2d 30, 32 (Iowa 1997). In a footnote to that caveat, we stated "[w]e do not consider or decide if other statutes of limitation bear on Thompson's claim for damages." *Id.* at 33.

Upon remand to the district court for purposes of reopening the estate, Larry E.

Herron was reappointed executor. On June 24, 1997, he mailed a copy of a notice to creditors to Thompson. Thereupon, Thompson filed a new action against the Herron estate in Crawford County on July 24, 1997. She served the personal representative with original notice on July 28.

The defendant-executor moved for summary judgment on the ground that the service of original notice upon him was made more than thirty days after notice to creditors in the reopened estate, thus rendering that suit untimely under Iowa Code sections 633.410 and 633.415. The executor also alleged as an affirmative defense that the action was barred by the statute of limitations for personal injuries contained in Iowa Code section 614.1(2). The district court sustained the motion for summary judgment on the latter ground. Thompson has appealed from that ruling.

■ Although the parties also argue issues concerning the bar of sections 633.410 and 633.415 based on the time constraints contained in those statutes, we need not consider those issues. We agree with the district court that, in any event, Thompson's refiled claim was barred by Iowa Code section 614.1(2), which provides that actions for injuries to the person must be brought within and not after two years. Thompson's injury occurred on May 10, 1991. When section 614.1(2) is applied in conjunction with Iowa Code section 614.2, she was required to bring her action within two years of that date.

■ Iowa Code section 614.2 (1991) provides:

In all cases where by the death of the party to be charged, the bringing of an action against the party's estate shall have been delayed beyond the period provided for by statute, the time within which action may be brought against the estate is hereby extended for six months from the date of the death of said decedent.

In *Malone v. Averill,* 166 Iowa 78, 84, 147 N.W. 135, 138 (1914), this court held that the purpose of this statute is to assure that, if a claim against a decedent is not barred at the time of his death, the claimant has at least six months to bring suit even if an applicable statute of limitations runs prior to that time. Obviously, this statute has no application in the present case because the applicable statute of limitations extended well beyond six months following the decedent's death.

■ Thompson argues that her claim is saved from the bar of section 614.1(2) by the final paragraph of section 633.415, which reads:

In all cases where by the death of the party to be charged, the bringing of the action against the estate shall have been delayed beyond the period provided by the statute of limitations, the action may be brought if the original notice is served on the personal representative as defendant, and proof of service of notice of such proceeding is filed in the probate proceedings within the time provided for filing claims in section 633.410.

We will assume for purposes of applying this statute that the service of original notice on the personal representative was timely, although there is a suggestion that it was not. We are convinced, however, that notwithstanding this assumption section 633.415 does not save Thompson's case from the bar of section 614.1(2). Section 614.2 has been in existence since the enactment of 1906 Iowa Acts chapter 151, section 1. The final paragraph of section 633.415 was enacted in 1963 Iowa Acts chapter 326, section 415. Both statutes contain the following language:

In all cases where by the death of the party to be charged, the bringing of an action against the party's estate shall have been delayed beyond [the applicable statute of limitations]....

Given the exact matching of the introductory language to both provisions, we are convinced that the purpose of enacting the final paragraph of section 633.415 in 1963 was to chart the procedure under the newly enacted probate code for filing a facially barred action that has been saved by section 614.2. Because the latter statute does

not save Thompson's action, she receives no benefit from section 633.415. We have considered all issues presented and conclude that the judgment of the district court should be affirmed.

**AFFIRMED.**

All justices concur except NEUMAN, J., who takes no part.