# IN THE COURT OF APPEALS OF IOWA

No. 14-0204
Filed December 10, 2014

**Upon The Petition of DIANA DAVIDSON, as Administrator of the Estate of Patricia Perelson,**
      Petitioner-Appellee,

**And Concerning**
**SHAI PERELSON,**
      Respondent-Appellant,

...............................................................................

**SHAI PERELSON,**
      Plaintiff-Appellant,

**v.**

**DIANA DAVIDSON, as Administrator of the Estate of Patricia Perelson,**
      Defendant-Appellee.
_____

      Appeal from the Iowa District Court for Jefferson County, Joel D. Yates, Judge.

      Shai Perelson appeals the district court's ruling granting motions to dismiss his petitions in two different actions.  **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

      Nancy J. Penner and Allison M. Heffern of Shuttleworth & Ingersoll, P.L.C., Cedar Rapids, and David E. Sykes of David E. Sykes, P.C., Fairfield, for appellant.

      Paul Zingg of Denefe, Gardner & Zingg, P.C., Ottumwa, for appellee.

      Heard by Doyle, P.J., Tabor, J., and Scott, S.J.*

      *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**DOYLE, P.J.**

Shai Perelson appeals the district court's ruling granting motions to dismiss his petitions in a dissolution action (CDCV401245) and a civil fraud action (LALA004003). We affirm in part, reverse in part, and remand.

## I.    *Background Facts and Proceedings*

There is little dispute about the facts underlying this controversy. In its findings of fact the district court adopted, in large part, Shai's allegations as set forth in his petition to set aside a decree of dissolution. We now do the same. *See Geisler v. City Council of City of Cedar Falls*, 769 N.W.2d 162, 165 (Iowa 2009) ("In determining whether to grant the motion to dismiss, a court views the well-pled facts of the petition in the light most favorable to the plaintiff with doubts resolved in that party's favor." (citation and internal quotation marks omitted)).

Patricia Perelson and Shai Perelson were married on July 24, 1995. On August 1, 2012, Patricia filed a petition for dissolution of the marriage (CDCV401245). One week later, Patricia took Shai to her attorney's office and, while in the waiting room, informed him she planned to present him with a decree of dissolution. Patricia was terminally ill with cancer and begged Shai to sign the decree as proof of his love for her. Patricia further indicated if Shai signed the decree, nothing would change between the parties and he would be the beneficiary of her estate. Shai signed an acceptance of service of the dissolution petition and a decree of dissolution of marriage immediately thereafter. The meeting to execute the acceptance of service and the decree lasted approximately five minutes, and the only third party present was a notary public. The decree provided, in part:

REAL ESTATE. The real estate involved in this matter was owned by the Petitioner prior to the marriage of the parties and was deeded to her revocable trust. Said real estate is more particularly described as follows:

[Legal description of the condominium]

Respondent's name was never on the title to the real estate and he is relieved of any and all interest he may have had in the real estate by virtue of being married to Petitioner. If the Petitioner still owns the above-described real estate at the time of her death, she agrees to bequeath it to the Respondent. Nothing herein shall restrict the Petitioner's ability to sell or convey the property without the consent or approval of the Respondent.

PERSONAL PROPERTY. The Petitioner is awarded the personal property currently in her possession, including the 2000 Lexus ES 300. The Petitioner is further awarded any and all bank accounts in her name, including her inheritance which is now the Patricia Perelson Revocable Trust. The Petitioner is further ordered to assume any and all debt in her own name, which she shall assume and hold the Respondent harmless therefore.

The Respondent is also awarded the personal property currently in his possession, including the 1990 Dodge Caravan and the 1997 GMC Safari. He is also awarded his personal property which is currently located at the parties' residence. The Respondent is further awarded any and all bank accounts in his name. The Respondent is further awarded any business assets. The Respondent is further ordered to assume any and all debt in his own name, which he shall assume and hold the Petitioner harmless therefore.

INHERITANCE. The parties acknowledge that the Petitioner inherited money and that money has been kept separate from any joint assets of the parties. The parties further acknowledge and understand and it is hereby ordered that the inherited property belongs solely to the Petitioner and the Respondent has no claim against it whatsoever.

Shai did not consult with an attorney before executing the acceptance of service and the decree. The parties did not exchange financial information.

On August 14, 2012, the district court entered the decree of dissolution of marriage after waiving the ninety-day waiting period. After obtaining a divorce,

Patricia continued to tell Shai that she would ensure he was financially secure through the terms of her trust.

On April 9, 2013, Patricia passed away without leaving Shai any assets from her estate. On May 23, 2013, Diana Davidson was appointed administrator of Patricia's estate (Estate). Notice of appointment of administrator and notice to creditors and trust notice were mailed to Shai on May 30, 2013, and published in the Fairfield Daily Ledger on June 7 and June 14, 2013.

On July 19, 2013, Shai filed a "Motion to Set Aside Decree of Dissolution of Marriage" pursuant to Iowa Rule of Civil Procedure 1.1012.[1] In the motion, Shai alleged his signatures on the acceptance of service and the decree were "not knowingly or freely provided" and were obtained while he was "under undue duress" and "being both coerced and fraudulently manipulated" by Patricia. Filed simultaneously with the motion, was a motion requesting an order to permit Shai to substitute Patricia's estate as petitioner in the proceedings. The motions were mailed to the attorney for the administrator of the Estate and also to the attorney that had represented Patricia in the dissolution. On July 19, Shai also filed applications in the Estate for temporary injunction and for allowance. Hearing on all the motions and applications was set for August 20.

No objection was made to the motion to substitute party. On August 20, for purposes of Shai's motion to set aside the decree of dissolution the district court granted Shai permission to substitute Patricia's estate for petitioner. The

---

[1] That rule provides, "Upon timely petition and notice under rule 1.1013 the court may correct, vacate or modify a final judgment or order, or grant a new trial on any of the following grounds: . . . (2) Irregularity or fraud practiced in obtaining it." Iowa R. Civ. P. 1.1012.

motion to set aside and an original notice were served upon Davidson as Estate administrator on August 23. On September 12, the Estate filed a pre-answer motion to dismiss, asserting various infirmities in Shai's motion. The Estate also asserted Shai's claims were barred by the statute of limitations under Iowa Rule of Civil Procedure P. 1.1013 and Iowa Code section 624A.1 (2013) because Shai had not filed and served a petition for relief within one year of the August 14, 2012 decree.[2] By order dated September 24, 2013, hearing on the Estate's motion was set for October 8.

On September 26, Shai filed a motion to amend his motion to set aside decree. The next day he filed a resistance, and supporting brief, to the Estate's pre-answer motion to dismiss. He argued, in part, the statute of limitations was extended by six months pursuant to Iowa Code section 614.2 (extending the time within which an action may be brought against a party's estate where the bringing of the action was delayed by the party's death). Supplemental briefing was subsequently filed by the Estate. In open court, on October 8, Shai withdrew his motion to set aside the decree.

On October 9, Shai filed a second petition to set aside the decree of dissolution of marriage. Davidson, as administrator of the Estate, was served with the petition that same day. In the petition, Shai alleged his signatures on the acceptance of service and the decree were "not knowingly or freely provided"

---

[2] Iowa R. Civ. P. 1.1013(1) (which falls under the civil procedure rules division entitled "Proceedings After Judgment") provides in pertinent part: "A petition for relief under rule 1.1012 . . . must be filed and served in the original action within one year after entry of the judgment or order involved." Iowa Code chapter 624A (2013) is entitled "Procedure To Vacate Or Modify Judgments." Section 624A.1 provides in pertinent part: "Such proceedings must be commenced within one year after the judgment or order was made . . . ."

and were obtained while he was "under undue duress" and "being both coerced and fraudulently manipulated" by Patricia. The Estate filed a pre-answer motion to dismiss Shai's petition, claiming in part that Shai's petition was barred by the statute of limitations.

On October 11, 2013, Shai filed a petition at law and jury demand against Davidson, as administrator of the Estate (LALA004003).[3] That petition alleged substantially the same facts contained in Shai's petition to set aside the dissolution decree, and asserted claims against Patricia's estate for negligent misrepresentation, fraudulent misrepresentation, fraudulent nondisclosure, and promissory estoppel. The Estate filed a pre-answer motion to dismiss, alleging Shai's petition was "an impermissible collateral attack on a valid dissolution decree."

The motions to dismiss were heard together. The district court took judicial notice of the dissolution file (CDCV401245) and the civil fraud file (LALA004003).[4] Following a hearing, the district court entered an order granting the Estate's motions to dismiss Shai's petitions in both actions.

Shai filed timely notices of appeal in both cases. Shai also filed a "motion for limited remand" in each case to the Iowa Supreme Court. The Iowa Supreme Court denied the motions for limited remand, citing *IBP, Inc. v. Al-Gharib*, 604 N.W.2d 621, 628 (Iowa 2000) (noting party waives pending posttrial motion by taking an appeal). The court also consolidated Shai's two pending appeals.

---

[3] Diana Davidson, as administrator of the Estate, was served with the petition in LALA004003 on October 17, 2013.
[4] The court also took judicial notice of the probate file (ESPR006082).

## II. *Standard of Review*

We review the district court's ruling on a motion to dismiss for correction of errors at law. *See* Iowa R. App. P. 6.907; *U.S. Bank v. Barbour*, 770 N.W.2d 350, 353 (Iowa 2009). We take well-pled facts in the petition as true, but not the conclusions. *Ostrem v. Prideco Secure Loan Fund, LP*, 841 N.W.2d 882, 891 (Iowa 2014). "A court should grant a motion to dismiss for failure to state a claim only if the petition shows the plaintiff cannot recover under any facts." *Id.* We also review statutory and rule interpretation for correction of errors at law. *See* Iowa R. App. P. 6.907; *Hasselman v. Hasselman*, 596 N.W.2d 541, 543 (Iowa 1999).

## III. *Petition to Set Aside Dissolution Decree (CDCV401245)*

Generally, the death of a party to a pending dissolution proceeding abates that proceeding. *See In re Estate of Peck*, 497 N.W.2d 889, 890-91 (Iowa 1993); *see also Jahnke v. Jahnke*, 526 N.W.2d 159, 161 (Iowa 1994). But death of a party does not prevent an appeal of property issues stemming from an existing dissolution decree. *See Oliver v. Oliver*, 248 N.W. 233, 234 (Iowa 1933). A decree of dissolution of marriage obtained by fraud may be vacated even after one of the parties dies. *See Dennis v. Harris*, 153 N.W. 343, 350 (Iowa 1915) ("[U]pon proof that a decree of divorce has been obtained by fraud or duress, it may be set aside even after the death of the perpetrator of such fraud and the relief awarded sufficient to compensate the financial loss consequent upon the wrong perpetrated."). Iowa Rule of Civil Procedure 1.221 allows the estate of a deceased party to be substituted as a party.

Iowa Rule of Civil Procedure 1.1012 gives the district court jurisdiction to entertain a direct attack on a final adjudication on certain enumerated grounds, including fraud, by a petition filed in the original action. Rule 1.1013 prescribes the process for invoking district court power to "correct, vacate or modify" a final decree under rule 1.1012. Among other requirements, rule 1.1013 provides, "A petition for relief under rule 1.1012 . . . *must be filed and served in the original action within one year after the entry of the judgment or order involved.*" (Emphasis added.) Iowa Code section 624A.1 provides, in pertinent part: "Such proceedings [to vacate or modify judgments] must be commenced within one year after the judgment or order was made . . . ."

Here, Patricia and Shai's dissolution decree was entered on August 14, 2012, and Shai filed his petition to set aside the decree on October 9, 2013. There is no dispute Shai's petition was untimely under Rule 1.1013. "[A] petitioner seeking relief under rule [1.1012] bears the burden to follow the prescribed procedural steps of rule [1.1013] necessary to keep his or her post-judgment rights alive." *In re Marriage of Fairall*, 403 N.W.2d 785, 788 (Iowa 1987). Shai's petition was also untimely under section 624A.1.

Shai argues Iowa Code section 614.2 applies in this case and "extended [his] time to file the petition." Section 614.2 provides:

> In all cases where by the death of the party to be charged, the bringing of an action against the party's estate shall have been delayed beyond the period provided for by statute, the time within which action may be brought against the estate is hereby extended for six months from the date of the death of said decedent.

Iowa Code § 614.2. "[T]he purpose of this statute is to assure that, if a claim against a decedent is not barred at the time of his death, the claimant has at

least six months to bring suit even if an applicable statute of limitations runs prior to that time." *Thompson v. Estate of Herron*, 612 N.W.2d 798, 800 (Iowa 2000). Shai argues his October 9, 2013 petition was timely in that it was filed and served within six months of Patricia's April 9, 2013 death.

The district court held section 614.2 inapplicable because it "unambiguously applies to original causes of action." There is no dispute that Shai's petition to vacate is not an "original" action. *Fairall*, 403 N.W.2d at 787 ("A petition to vacate, however, is not itself an original action."). Although the statute does not include the term "original action," we nevertheless agree with the district court's conclusion that section 614.2 is inapplicable to Shai's petition to vacate judgment.

Section 614.2 applies to "the bringing of an action." "An 'action' in its usual legal sense means 'a lawsuit brought in a court; . . . [t]he legal and formal demand of one's right from another person or party made and insisted on in a court of justice.'" *Weinhold v. Wolff*, 555 N.W.2d 454, 464 (Iowa 1996) (quoting Black's Law Dictionary 28 (6th ed. 1990)). The words "suit" and "action" are synonymous as applied to legal proceedings. *Dullard v. Phelan*, 50 N.W. 204, 205 (Iowa 1891); *see also In re Beghtel's Estate*, 20 N.W.2d 421, 423 (Iowa 1945). "To 'bring' an action or suit has a settled customary meaning at law, and refers to the initiation of legal proceedings in a suit." Black's Law Dictionary 240 (4th ed. 1968).

An "action" does not include procedural steps taken within the action. Here, Shai's rule 1.1012 petition is a post-judgment proceeding, i.e., a procedural

step taken after judgment.[5]  His petition is not the bringing of or initiation of an action or suit.  We therefore conclude, as the district court did, that the extension provision of section 614.2 is not applicable to the filing of Shai's rule 1.1012 petition to set aside the dissolution decree.  Because Shai did not file and serve his petition to vacate judgment within the one-year limitation period mandated by rule 1.1013 and section 624A.1, the district court properly dismissed the petition.

## IV.    Civil Fraud Petition (LALA004003)

The district court determined Shai's civil fraud action was a collateral attack on his dissolution decree and dismissed the petition because it was not filed within the applicable one-year statute of limitation.  While we affirm the court's dismissal with regard to the portions of the petition raising a collateral attack on the dissolution decree (Counts I, III, and IV), we reverse and remand for further proceedings that portion of the petition that is not a collateral attack upon the dissolution decree (Count II).

"A collateral attack on a judgment is an attempt to avoid, defeat, or evade it, or deny its force and effect, in some incidental proceeding not provided by law for the express purpose of attacking it."  *Stake v. Cole*, 133 N.W.2d 714, 718 (Iowa 1965) (citation and internal quotation marks omitted).  "In other words, if the action or proceeding has an independent purpose and contemplates some other relief or result, although the overturning of the judgment may be important or even necessary to its success then the attack upon the judgment is collateral." *Id.* (citation and internal quotation marks omitted).

---

[5] Again, we note rule 1.1012 is included within Division X of the Iowa Rules of Civil Procedure, which is entitled "Proceedings After Judgment."

In Counts I, III, and IV of the civil fraud petition, Shai claims he was induced to sign and refrain from challenging the dissolution decree due to Patricia's promises, misrepresentations, and nondisclosures, and he was damaged thereby. There is no question these claims stem from Patricia's actions with regard to the divorce proceedings. As set forth above, Shai's challenge should have been raised within one year after the entry of judgment.

We acknowledge the one-year deadline in rule 1.1013 may not apply where the party claims the judgment is void. *See Dimmitt v. Campbell*, 151 N.W.2d 562, 565 (Iowa 1962) (stating "a void judgment need not necessarily be challenged within one year after its rendition as provided in [now rule 1.1013]"); *Johnson v. Mitchell*, 489 N.W.2d 411, 414 (Iowa Ct. App. 1992) ("While an application to set aside a voidable judgment must be filed within one year under rule [now 1.1013], a judgment may be vacated at any time if it is void."). Shai, however, does not claim the dissolution decree is void. To the contrary, Shai's claims in Counts I, III, and IV assume the existence of the dissolution decree and seek damages for Patricia's alleged misrepresentations to him and her alleged failure to fulfill her promises.[6] *See City of Chariton v. J.C. Blunk Constr. Co.*, 112 N.W.2d 829, 835-36 (Iowa 1962) (stating the plaintiff's petition did "not ask that the previous judgment be set aside," but simply "ignore[d]" the prior judgment and sought "damages upon a contention which was clearly answered adversely to it" in the prior adjudication).

---

[6] Shai argues, "as to damages, [he] need not obtain a set-aside of the dissolution decree to recover for these allegations"; instead, "the measure of damages is an amount to put him in the same position as if Patricia was telling the truth."

Shai's claims based upon alleged inducements and nondisclosure which caused him to sign and not challenge entry of the decree are not the type of claims that allow Shai to circumvent the one-year deadline set forth in rule 1.1013.[7] *See id.* at 838 ("[W]hen a judgment has been entered with full jurisdiction of the subject matter and of the parties it may not be collaterally attacked in an action that has an independent purpose other than the overturning of the judgment; which merely seeks to relitigate the same issues determined by the judgment. This is so even though the first judgment was obtained by fraud, unless the fraud goes to the jurisdiction of the court."); *see also Lincoln v. Lincoln*, No. 12-0121, 2012 WL 4100882, at *1-2 (Iowa Ct. App. Sept. 19, 2012) (affirming the district court's entry of summary judgment against a collateral attack to a dissolution decree not brought within the one-year time frame prescribed by rule 1.1013). We therefore affirm the district court's dismissal of Counts I, III, and IV of Shai's civil fraud action insofar as the petition is an untimely collateral attack on his dissolution decree.

However, Count II of Shai's petition (alleging fraudulent misrepresentation) goes beyond a collateral attack on the dissolution decree. Paragraph 15 (common allegations) of the petition alleges: "Between August of 2012 and the

---

[7] "[A] judgment may be attacked on the ground of fraud extrinsic to the proceedings in court. If the fraud is intrinsic, even though it be not discovered until after the year allowed by Rules 252, 253 supra, the judgment is a finality." *City of Chariton*, 112 N.W.2d at 836.

> Extrinsic fraud . . . has been described as that fraud which keeps a litigant from presenting the facts of his or her case and prevents an adjudication on the merits. Examples of extrinsic fraud are a bribed judge, dishonest attorney representing the defrauded client, or a false promise of compromise.

*Mauer v. Rohde*, 257 N.W.2d 489, 496 (Iowa 1977). Shai does not attack the dissolution degree on the ground of fraud extrinsic to the court proceeding.

time of her death, [Patricia] repeated representations to [Shai] that she would ensure he was financially secure through the terms of her trust." Count II incorporates all the paragraphs set forth in the petition. Count II further alleges: Patricia's representations were material and false; Patricia knew the representations were false; Patricia intended to deceive Shai; Shai was justified in acting in reliance on the truth on the representations; and the representations were a cause of Shai's damages.

Thus, it appears Count II is founded, at least in part, upon allegations of post-dissolution representations by Patricia, Shai's acting thereon, and damages arising therefrom. Count II does not appear to be limited—as the other counts— to damages allegedly arising from Shai's signing the decree and failure to challenge its entry. To the extent that is the case, Count II is not a collateral attack upon the decree, but instead is an independent claim for damages arising out of alleged post-dissolution promises. To the extent the claim is limited to allegations of Patricia's post-dissolution promises, Shai's acting thereon, and damages arising therefrom, it should not have been dismissed as a collateral attack on the dissolution decree. We therefore affirm the district court's dismissal of Counts I, III, and IV of Shai's civil fraud petition, and we reverse as to the dismissal of Count II. To the extent Count II is not an attack upon the dissolution decree, as outlined above, we remand for further proceedings.

## V. Conclusion

In sum, we affirm the district court's ruling granting motions to dismiss Shai Perelson's petition in CDCV401245. We affirm the district court's dismissal of Counts I, III, and IV of Shai's petition in LALA004003. We reverse the district

court's dismissal of Count II of Shai's petition in LALA004003, and we remand for further proceedings consistent with this opinion.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**